Van Brunt, J.
The child referred to in the proceedings in this matter is detained because of a commitment by a police magistrate alleging that the child was improperly exposed and neglected, and wandering in the public park without any proper guardianship, and that the child was found in the company of one Mary Ryan, who is a reputed prostitute, in violation of the provisions of the Penal Code.
No evidence is returned, and the demurrer to the traverse admits that the father of the child, with whom the child lived, and under whose guardianship she was, had no notice of the proceedings affecting his child.
The respondents claim that the commitment reciting jurisdictional facts, there is no power to review the action of the committing magistrate, although a parent may be .thereby deprived of the custody of his child without an opportunity to be heard, and without there having been any evidence produced to justify the findings in the commitment.
*146 It is true that the acts of the legislature which have been passed seem so to read, but as there is no power in the legislature to deprive a person of one dollar of his property without his having an opportunity to be heard, and without due process of law, neither is there any power to deprive a parent of the custody of his child without notice and an opportunity to be heard.
It would be a monstrous doctrine to hold that under any legislation, merely because a child under sixteen years of age is found in the street, without attendance, and because a magistrate should choose to characterize this as an improper exposure, a parent could be deprived of his child, and that, too, without being afforded an opportunity to offer any defense. This is what seems to be claimed in the case at bar. It does not seem to me that such a construction of the statute can possibly be upheld.
Petition granted, and prisoner discharged.
II. General Term ; May, 1887.
From the order of the special term discharging the relator’s child from custody, the 1ST. T. Catholic Protectory appealed.
John B. Pine, and Eldridge T. Gerry (Denis Quinn, attorney), for the appellant.
Dennis McMahon (McMahon & Handley), for the respondent.
Bartlett, J.
The relator’s child, Florence Van Riper, was arrested, brought before a magistrate in the city and county of New York, and committed to the institution known as the New York Catholic Protectory, under section 291 of the Penal Code.
The commitment states that the child was brought before the magistrate “ upon the allegation, under oath, of Henry *147 E. Stocking, that she, the said child Florence Van Riper, on October 5, 1886, at the city and county aforesaid, was found improperly exposed and neglected, and wandering in the public park in said city, to wit, in Union Square Park, in said city, without any proper guardianship; that the said child was found in the company of one Mary Ryan, who is a reputed prostitute, in violation of the provisions of the Penal Code of the State of New York and the acts amendatory thereof.”
The commitment further recites that it has been proven to the satisfaction of the magistrate that the material allegations and matters set forth and charged in the complaint are true, and that the child was actually and apparently under the age of sixteen years, being fourteen years old, and “ was found improperly exposed and neglected, and wandering in the public park, to wit, in Union Square Park, in said city, without any proper guardianship ; that the said child was found in the company of one Mary Ryan, who is a reputed prostitute, in violation of the Code and laws aforesaid.”
In response to the writs of habeas corpus and certiorari sued out by the mother in this proceeding, the New York Catholic Protectory returned this commitment as its authority for the detention of the girl. The relator filed a traverse to the return, alleging, among other things, that the father of the child, in whose house she was then residing, received no notice of the proceeding, and was not present at the examination ; that the child “ was not destitute of means of support, but was at the time living in the house of her parents, who had a comfortable home for her at that time in Hoboken, in the State of New Jersey, nor did the said Florence Van Riper know that the said Mary Ryan was a reputed prostitute, but she herself was a religious girl and good and virtuousand that the said Florence Van Riper, when found, “ was preparing to return to her said home, and, childlike, was merely enjoying for the moment the pleasant surrounding of said Union Square.” To this traverse a demurrer was interposed on the ground that it conceded *148 that the child was detained under a commitment which was the final judgment of a court of competent jurisdiction.
The matter was brought to a hearing at special term upon the return, traverse and demurrer, and the learned justice, before whom the cause was heard, discharged the child from custody, because it was admitted by the demur, rer that her father, with whom she lived and under whose guardianship she was, had no notice of the proceeding which deprived him of his child.
As to this point the appellant contends that inasmuch as the mother was present at the examination (as is recited in the commitment, and not denied in the traverse) no further notice was required.
Apart from any question of notice, however, we are of the opinion that the commitment, considered in view of the admission made by the demurrer to the traverse, fails to set out facts sufficient to justify the detention of the child.
It charges that she was improperly exposed and neglected. This did not warrant her arrest, unless she had been so exposed or neglected by her parents or other person or persons hmi/ng her in charge, and there is no allegation to this effect (Penal Code, § 291, subd. 2).
It charges that she was wandering in the park without any proper guardianship. This did not bring her within the description of children “ not having any home or other place of abode or proper guardianship ” (Pencil Code, § 291, subd. 2). The guardianship contemplated by section 291 of the Penal Oode is not the mere temporary supervision of a companion in the street. The statute was not designed to provide for the arrest and commitment to a charitable institution of every young child who should happen to get into the street or park without a suitable custodian. It is only the lack of that guardianship which corresponds to the lack of parental care generally which falls within the intent of the clause we have quoted.
Finally, the commitment charges that the child was *149 found in the company of one Mary Byan, a reputed prostitute.
The Penal Code authorizes the arrest of any child actn-. ally or apparently under the age of sixteen years who is found “ frequenting or being in the company of reputed thieves or prostitutes ” (§ 291, subd. 4).
The facts in this case, as admitted by the demurrer to the traverse, are, that on a single occasion, this child while in a much frequented public park, and about to return to the comfortable home in which she lived with her parents, was found in the company of a reputed prostitute, of whose character she was ignorant, being herself a good and virtuous girl.
It may be difficult to accurately define just what conduct on the part of a child amounts to “ being in the company of reputed prostitutes ” within the meaning of subdivision 4 of section 291 of the Penal Code. That it means something more, however, than appears in the case of this girl, we entertain no doubt. A construction which would make it include her conduct on this occasion, would render the child of the worthiest citizen, who happened to lose her way in the public streets, and sought guidance from the first woman she met, liable to arrest and incarceration, if the person from whom she asked informatien and who accompanied her a block or two to show her the way, chanced to be known to a police officer as a reputed prostitute.
The relator’s child was properly discharged from custody, and the order appealed from should be affirmed, with costs.
Macomber, J., concurred.