# Court of Appeals.

*October,* 1887.

## PEOPLE *ex rel.* VAN RIPER v. NEW YORK CATHOLIC PROTECTORY.

(Modifying 5 *N. Y. Crim. Rep.* 139.)

### COMMITMENT OF CHILD UNDER § 291 OF PENAL CODE.

Where a child is committed to an institution under § 291 of the Penal Code as found " improperly exposed and neglected, and wandering in the public park without any proper guardianship," the charge is insufficient unless it also contains the allegation that she had been so exposed by her " parents or other person or persons having her in charge."

The words " not having any *proper guardianship* " in section 291, subd. 2, of Penal Code, refer to a permanent and usual condition of a child being without proper guardianship, and not to a child casually in the street, without protection.

A complaint which substantially follows the language of the statute, *e.g.* under section 291, subd. 4, Penal Code, " that the said child was found in the company of Mary Ryan, who is a reputed prostitute," is sufficient.

Where a court or magistrate exercising special or limited powers, has jurisdiction, the proceedings are entitled to the same presumption of regularity which attaches to proceedings of courts of higher jurisdiction.

The information in cases of summary conviction ought to be precise, and show a case clearly within the statute. It is the foundation of the jurisdiction of the magistrate; and when it omits an essential ingredient or circumstance to bring the case within the statute, and the defect is not supplied by the evidence, the conviction is bad.

When there is presented to a court or magistrate exercising a summary jurisdiction, evidence of an essential fact, the judgment or decision of the court or magistrate, upon that fact cannot be overhauled in a collateral proceeding, but is as conclusive as is the judgment of a court of general jurisdiction until reversed on appeal.

Where a traverse to a return to writs of *habeas corpus* and *certiorari* to inquire into the detention of a person under the judgment of a magistrate alleges not that there was no evidence of the facts recited in the commitment, but that the real facts were the contrary of those therein recited, a demurrer to such traverse presents only the question

whether the conviction can be set aside on *habeas corpus* or *certiorari*.

A notice to the parent, guardian or custodian of a child under the Penal Code, § 291, subd. 5, as amended by L. 1886, ch. 31, should be given to the father of the child, if both parents are living. The notice may be such as the magistrate shall deem sufficient.

In proceedings of this description to test the legality of a commitment of a child, costs should not be awarded against the institution holding the child.

APPEAL from an order of the General Term of the Supreme Court of the First Department, made May 13, 1887, affirming with costs an order of the Special Term of said Court, made January 7, 1887, discharging one Florence Van Riper, upon writs of *habeas corpus* and *certiorari*, from commitment to the appellant.

*Denis Quinn, John B. Pine* and *Elbridge T. Gerry*, for N. Y. Catholic Protectory, Appellant.

I. The father of the child was not entitled to notice. The commitment shows that the mother was present at the examination, which was sufficient.

II. Neither the General or Special Term had the right to go behind the conviction and re-try the questions of fact upon which it was made. The commitment on all these questions was a final adjudication. *People ex rel. Van Heck* v. *Catholic Protectory.* 4 N. Y. Crim. 79 ; 101 N. Y. R. 195. *People ex rel. Perkersoen* v. *Sisters of St. Dominick,* 34 Hun. 463 ; 2 N. Y. Crim. 528. *Matter of Moses,* 1 N. Y. Crim., 508.

III. The allegation in the commitment that the child was found without any proper guardianship was sufficient to cure the defect in omitting to state that the abandonment was by her parents or other person or persons having her in charge. (*Matter of Gray,* 11 Abb. Pr. 56. *People* v. *Moore,* 3 Parker's Crim. R. 465. *People* v. *Degnan,* 6 Abb. Pr. N. S. 87. *Matter of Hogan,* 55 Hor. Pr. 458.)

IV. The allegation that the child was found frequenting the company of prostitutes was sufficient, without evidence of *scienter* of their character. ( *Matter of Nichols, infra* p. *Hiscox* v. *Jermonson,* 52 Law Jour. R. N. S. Mag. C. 43.)

V. The General Term erroneously imposed costs upon the appellant, which is a charitable institution of a purely public character, organized and managed solely for the public good. It is manifest injustice to impose costs upon such an institution in a proceeding of this nature, which is a *quasi* criminal proceeding and not a special one within the Code of Civil Procedure. (*People ex rel. Society for Prevention of Cruelty to Children* v. *Gilmore*, 88 N. Y. 626.)

*Denis McMahon,* for respondent.

I. The magistrate had no jurisdiction, no notice having been given to the father, and he not being present at the examination.

II. The demurrer admitted all the facts of the traverse, which averred ignorance by the child of the character of the reputed prostitute.

III. The commitment did not follow the language of the statute, which requires the abandonment, exposure and neglect to be *by the child's parents.*

IV. Costs were properly allowed in this case as an indemnity to the appellant for their expenses in questioning the commitment.

ANDREWS, J.—Florence Van Riper, a female child of the age of fourteen years, was, on the 5th day of October, 1886, brought before a police justice of the City of New York, charged with having been found on that day "improperly exposed and neglected, and wandering in the public park, to wit, the Union Square Park, in said city, without any proper guardianship; that the said child was found in the company of one Mary Ryan, who is a reputed prostitute, in violation of the provisions of the Penal Code." The justice on the same day examined the charge, and, after hearing the witnesses, adjudicated that the charges set forth in the complaint were true, and he therefore issued a commitment committing the said Florence Van Riper to the custody of The New York Catholic Protectory, "to be and remain under the

guardianship of said corporation until therefrom discharged pursuant to law." Pursuant to the commitment, the child was put into the custody of the institution named therein, and was produced on the return of the writs of *habeas corpus* and *certiorari*, by its officers. The only evidence in the record of the proceedings before the justice is found in the written complaint upon which the proceeding was initiated, and in the commitment itself. These papers show that the complaint was founded upon an assumed violation of section 291 of the Penal Code; that the accused was brought before the justice for examination on the charge stated in the complaint; that a hearing was had and witnesses examined; and that Elizabeth Van Riper, the mother of Florence, was present during the trial.

The return of the appellant to the writs of *habeas corpus* and *certiorari* consisted simply of an averment that it was incorporated under the act of May 5, 1863, and the acts amendatory thereof, and that Florence Van Riper, by virtue of said act, and of section 292 of the Penal Code, as amended by chapter 31, of the laws of 1886, was committed to its custody by a police justice of the city of New York, under a commitment, a copy of which was annexed to the return, and that she was there held by the appellant thereunder.

The evidence taken before the justice has not been returned, and is not before us.

The writs were not directed to the magistrate, but to the House of the Good Shepherd, by whom it was alleged the said Florence was detained, and they called simply for the production of her body before the court, and that the institution detaining her should certify the time and cause of her imprisonment.

The commitment, while it does not set forth the evidence, recites in substance that the material allegations and matters set forth in the complaint were established to the satisfaction of the justice, by " competent testimony and evidence."

The relator relies upon several grounds to sustain the order of the Special Term sustaining the writs and discharging the said Florence.

*First.* It is insisted that the complaint before the justice did not bring the case within section 291 of the Penal Code. This ground is, we think, well taken as to the first charge in the complaint, viz., that the said Florence was found "improperly exposed and neglected and wandering in the public park, to wit, Union Square Park, in said city, without any proper guardianship."

The only subdivision of section 291, to which this charge has any relation, is the second, which specifies one of the conditions under which a child being so found, is subjected to this summary jurisdiction, viz., "not having any home or other place of abode, or proper guardianship; or who has been abandoned or improperly exposed or neglected by its parents or other person or persons having it in charge, or being in a state of want or suffering." The charge that the child was found "improperly exposed and neglected and wandering in the public park," did not, as observed by the General Term, warrant her arrest, unless she had been so exposed by her "parents or other person or persons having her in charge" and there is no allegation to this effect. It must appear that the child was abandoned and neglected by the fault of her parents or custodians, to justify taking the child from their custody on the ground of abandonment, or improper exposure or neglect. The information in these cases of summary conviction ought to be precise and show a case clearly within the statute. It is the foundation of the jurisdiction of the justice, and when it omits an essential ingredient or circumstance to bring the case under the statute, and the defect is not supplied by the evidence, the conviction is bad. It is not consistent with the proper security of personal liberty to indulge, in cases of summary convictions, in latitude or liberality of intendment to support the proceedings. They are conducted contrary to the course of the common law, without the intervention of a jury, usually before magistrates of limited experience, and are often attended with the gravest consequences. This summary jurisdiction is doubtless most necessary to be maintained in the public interest,

but at the same time the proceedings should be carefully scrutinized to see whether they are fully warranted by the statute. "I would fain know," said Lord Holt in *Roe* v. *Whistler* (Holt, 215), "when a penalty is inflicted and a different manner of trial from Magna Charta instituted, and the party offending, instead of being tried by his neighbors in a court of justice, shall be convicted by a single justice in a private chamber upon the testimony of one witness, if on a consideration of such a law we ought not to adhere to the letter."

That part of the complaint which charges in connection with the circumstance that the child was wandering in the public park, the further circumstance, "without proper guardianship," is not sufficient to bring the case within the second subdivision of section 291. That language of the subdivision manifestly refers to those waifs who are homeless, having no abiding place and no guardian, and to a permanent and usual condition, and not to a child casually in the street without protection. In this case, we cannot assume that the evidence was broader than the formal accusation. The finding or adjudication of the justice was in the exact language of the complaint.

But the second charge in the complaint, viz., "that the said child was found in the company of Mary Ryan, who is a reputed prostitute," follows substantially the language of the fourth sub-division of section 291. This, according to the general rule governing accusations in criminal or *quasi* criminal proceedings, as matter of pleading, is sufficient (*People* v. *Taylor*, 3 Den. 91). Whether the evidence brings the particular case within the statute, is another question. What constitutes "being in the company of reputed thieves or prostitutes," may not always be easily determined. I agree with the counsel for the relator, that the mere fact of a child meeting a prostitute in a public park and unwittingly walking and being in her company on a single occasion, would not make a case within the statute. But the complaint as such was sufficient. Whether the charge was established can only

be known by an examination of the evidence taken before the justice, and that is not before us.

*Second.* It is insisted that upon this record it conclusively appears that the child Florence was not subject to be imprisoned, because she did no act and was not found under any circumstances which according to section 291, made her amenable to conviction and imprisonment. This contention is based upon the fact that in the traverse of the relator to the return of The New York Catholic Protectory, it was alleged in substance that Florence Van Riper had done no act prohibited by section 291 of the Penal Code, but was in the park at the time charged in the complaint, for an innocent and lawful purpose, and having parents with whom she resided in Hoboken, New Jersey, etc. To this traverse the respondent demurred, thereby, as is alleged, admitting the facts therein, and consequently her innocence and her right to be freed from restraint. But it is to be observed that the facts stated only go to the point that in fact the child had not by her conduct rendered herself amenable to the jurisdiction of the magistrate. It was not alleged in the traverse that there was no evidence before the justice of the facts adjudicated by him. The traverse in connection with the admission of the facts alleged by the demurrer may show that the child was wrongfully convicted of " being in the company of Mary Ryan, a reputed prostitute," but it cannot be inferred that no evidence justifying the finding by the justice of that fact, was not produced before him. The demurrer presented simply the question whether a summary conviction can be set aside on *habeas corpus* or *certiorari* on averments and proof made before the court that the fact proved before the magistrate, upon which the conviction depended, was not true, and that the real fact was otherwise, and if known would have entitled the accused person to his discharge. In other words can there in this proceeding be a re-trial upon the merits of the question whether the child had or had not committed any act, or been found in any situation which subjected her to restraint or imprisonment under

section 291 of the Code.   The authorities conclusively settle
this question adversely to the claim of the relator.   Where a
court or magistrate exercising special or limited powers, has
jurisdiction, the proceedings are entitled to the same pre-
sumption of regularity which attaches to proceedings of
courts of higher jurisdiction, and when there is presented to
a court or magistrate exercising a summary jurisdiction,
evidence of an essential fact, the judgment or decision of the
court or magistrate upon the fact, cannot be overhauled in a
collateral proceeding, but is conclusive as is the judgment of
a court of general jurisdiction, until reversed on appeal.
(*Brittain* v. *Kinnard*, 1 Ball & B. 482; *People* v. *Cassels*, 5
Hill 164, 2 Smiths L. Cas., Note pp. 976, 992, and cases
cited.)

We are of opinion therefore, that as the commitment
recites that the conviction  proceeded upon proof by com-
petent and satisfactory evidence of the charge made, and
this recital is not contradicted, the admission of the facts
alleged in the traverse furnishes no ground for the discharge
of the child in this proceeding.

*Third.*   It is further insisted that the magistrate proceeded
without jurisdiction by reason of an omission to give notice
of the proceedings to the father of the child.   The recital in
the commitment that " Elizabeth Van Riper, the parent,
guardian and custodian of such child," was present at the
examination and that she had such notice of the examination
as the magistrate " deemed and adjudged sufficient," is not
controverted in the record.   But it is alleged in the traverse
to the return and admitted by the demurrer thereto, that
" no notice was ever given of any of said proceedings before
the committing magistrate, to Thomas D. Van Riper, the
father of such infant Florence, in whose house said Florence
was then residing, and who was the natural guardian of said
child, nor was the said Thomas D. Van Riper present at the
examination of said child's case before the justice."   The
question is therefore presented whether notice of the pro-
ceeding was required to be given to the father of the infant

as a condition to a valid adjudication under section 291 of the Penal Code as amended by chapter 31 of the laws of 1886, there having been no other notice, except to the mother, who was present at the examination. It was held by this court in the case of *People ex rel. Van Heck v. The New York Catholic Protectory* (101 N. Y. 195, 4 N. Y. Crim. 79); being the same institution to which the child in this case was committed—that it was an essential prerequisite to a valid, final commitment to the Protectory in a case arising under section 291 of the Penal Code, that notice should be given to the father of the child, in accordance with the provisions of the Consolidation Act of 1882 (§ § 1618 *et seq.*), although the mother was present during the proceedings and the court affirmed the order of the court below, discharging the son of the relator for want of such notice. Section 291 was amended in 1886, after the decision in the Van Heck case, by inserting the following provision :

" Whenever any child shall be committed to an institution under this Code, and the warrant of commitment shall so state, and it shall appear therefrom that the parent, guardian or custodian of such child was present at the examination before such court or magistrate, or had such notice thereof as was by such court or magistrate deemed and adjudged sufficient, no further or other notice required by any local or special statute in regard to the committal of children to such institution shall be necessary." The precise question now presented is whether the mother having been present at the examination, which the magistrate adjudged to be sufficient notice to her, was notice of the proceedings to the " parent, guardian or custodian" of the child within the provisions of the amendment of 1886, The word is " parent " in the singular. The mother of course is one of the parents. Is it the true meaning of the statute, that notice to either parent is sufficient, or did the statute intend that when both parents were living, the notice should be given to the one who is the child's natural guardian and custodian, which is the situation of the father if he be living ? (*People ex rel.*

508 NEW YORK CRIMINAL REPORTS.

*Nickerson v.——,* 19 Wend. 16.) Under the Consolidation act (§ 1619) the notice was to be served on the father, if living, etc., and if not on the mother, etc. The two acts are in *pari materia,* and the former act may, we think, be considered in construing the later one. The father is the parent who probably in most cases would be best able to provide for the proper defense of the child. The proceeding directly affects his right of parental control and custody. We think the amendment of 1886, implies that notice must be given to the parent either under the Consolidation Act, or under section 291 of the Code, as amended. It need not of necessity be personal, and under section 291, the magistrate may adjudge what and how notice shall be given. The learned judge at Special Term placed his decision discharging the child upon the ground that under the statute notice must be given to the father. The question is not free from difficulty, but we think the statute may, and perhaps ought to receive this construction. The fact that the father is not the relator and does not make the application for the discharge of the child, has, we think, no bearing upon the legal question involved. The rights of the child are primarily in question, and every step which the statute requires to be taken in the exercise of this summary jurisdiction, must be observed. These views lead to an affirmance of the order of the Special and General Terms, but it should be without costs in this court, and we think also that costs should not have been granted in the court below, and that in that respect the order should be modified. (See *People ex rel. Society for Prevention of Cruelty to Children* v. *Gilmore,* 83 N. Y. 626.)

All concur.

NOTE.—In the matter of the custody of Alma Nichols, decided by the General Term of the Supreme Court of the First Department, December, 1886, the court held as follows:

PER CURIAM. "The proceedings before the magistrate in this case, appear to have been in conformity to the statute. The commitment recites the several facts necessary to show jurisdiction and the conviction upon suf-

ficient evidence of the alleged charge. Under such circumstances, the court should have remanded the petitioner to the custody of the House of Mercy. The statute expressly provides that no commitment made under this act which shall recite the facts upon which it is based, shall be deemed or held to be invalid by reason of any imperfection or defeat in form."

"We see no error in the proceedings which justified the court in discharging the petitioner upon the writ of *habeas corpus.* The order must be reversed and the petitioner remanded."