## In re MALONEY.

(*Supreme Court, Special Term, New York County.* September 24, 1888.)

PARENT AND CHILD—NEGLECTED CHILD — COMMITMENT — NOTICE TO GUARDIAN — HABEAS CORPUS.

Under Pen. Code N. Y. § 291, as amended in 1886 and 1888, and by the consolidation act of 1882, §§ 1594–1632, providing that, when complaint is made against any vagrant child, the magistrate must cause the child to be brought before him for examination, and shall also cause the parent, guardian, or master of the child, if the child has any, to be summoned to attend the examination, where the examining magistrate commits the child without summoning its guardian, and it appears that it had a guardian, the child will be released on *habeas corpus*.

At chambers. Demurrer to traverse of return to writ of *habeas corpus*.

Writs of *habeas corpus* and *certiorari* issued to the Sisters of St. Dominick, a corporation, for the discharge of James Maloney from the asylum under its charge. The return to the writs showed that the petitioner was held by virtue of a commitment to the asylum by one of the police justices of New York city, under Pen. Code, § 291, as a child under 16 years, who was found not having any home or proper guardianship, and destitute of means of support. The return was traversed by an affidavit of Margaret Heery, denying that the child was without a home or proper guardianship, etc., and alleging that she had provided a home for and supported him, his father not having been heard from in several years, and his whereabouts being unknown, and that, at the time of the child's arrest and commitment, no notice of the proceedings therein was given to her, and that she was not present or represented in any way at the examination. The respondent demurred to the traverse as insufficient, because it admitted the detention of the prisoner under a final commitment, as alleged in the return. Pen. Code, § 291, as amended in 1886 and 1888, and by the consolidation act of 1882, §§ 1594–1632, provides that when complaint is made to any magistrate against any vagrant child, the magistrate must cause a peace-officer to bring the child before him for examination, and shall also cause the parent, guardian, or master of such child, if the child has any, to be summoned to attend the examination.

*E. G. Delaney*, for petitioner. *John B. Pine*, for respondent.

BARRETT, J. The fact that the child had a guardian could readily have been ascertained by a proper investigation, probably by interrogating the child himself. At all events, there was such a guardian, and the question is whether notice of some kind should not have been given. The spirit of all

the acts and decisions upon this subject favors the conclusion that such notice should have been given. I find provision for it in section 291 of the Penal Code, as amended in 1886 and 1888, and in the consolidation act of 1882, §§ 1594–1632. The cases, too, seem to recognize the necessity for such notice. *Van Heck* v. *Protectory*, 101 N. Y. 195, 4 N. E. Rep. 177; *Van Riper* v. *Protectory*, 106 N. Y. 604, 13 N. E. Rep. 435; 19 Abb. N. C. 142. It is true that the notice referred to in section 291 of the Penal Code is special; that is, a notice which, if given, shall render some other or different notice under local or special statutes unnecessary. Still, I think that the notice thus contemplated was intended to be a general requirement. It would be strange, indeed, and exceedingly harsh, if an adjudication should be permitted entirely *ex parte* that a child was without proper guardianship. Such an adjudication runs practically against the guardian as well as against the child, and yet such guardian is stigmatized as "improper" without the opportunity of defending himself or herself or the child. Upon the whole, I think that the demurrer should be overruled, and the child discharged.