PEOPLE ex rel. BROWN et al. v. CARPENTER.[1]

(Supreme Court, General Term, First Department. June 6, 1890.)

1. PARENT AND CHILD—COMMITMENT OF CHILD TO REFORMATORY—NOTICE.
Pen. Code N. Y. § 291, as amended by Laws 1886, c. 31, provides that any child under the age of 16 years who is found in the company of prostitutes must be arrested and brought before a proper court, who may commit the child to any incorporated charitable reformatory; and whenever any child shall be so committed, and the warrant of commitment shall so state, and it shall appear that the parent, guardian, or custodian of such child was present at the examination before such court or magistrate, or had such notice thereof as was by such court deemed sufficient, no further notice in regard to such committal shall be necessary, and such commitment shall be sufficient to authorize such institution to retain such child in

[1] Reversed in 25 N. E. Rep. 1044.

its custody, as therein directed. *Held* that, where a child charged under the section had a father, it was necessary that he be present or notified, and that a commitment reciting the presence of the mother was not sufficient.

2. SAME—HABEAS CORPUS—PLEADING.

Although a commitment under said section will not be sustained where there was no proof before the magistrate to sustain the charge, or no appearance by, or notice to, the parent, still, where the return to a writ of *habeas corpus* recites such proof and notice, their absence must be raised by an appropriate issue, and a mere affidavit of absence of proof or notice is insufficient for that purpose.

Appeal from special term, New York county.

An appeal from an order overruling a demurrer to the traverse of actions to writs of *habeas corpus* and *certiorari,* and discharging relators Annie Brown and Delina Brown from the custody of the New York Juvenile Asylum. Pen. Code N. Y. § 291, as amended by Laws 1886, c. 31, provides that any child actually or apparently under the age of 16 years who.,is found frequenting or being in the company of reputed prostitutes, or in a reputed house of prostitution, must be arrested, and brought before a proper court or magistrate, who may commit the child to any incorporated charitable reformatory, Whenever any child shall be committed to an institution under this Code, and the warrant of commitment shall so state, and it shall appear therefrom that the parent, guardian, or custodian of such child was present at the examination before such court or magistrate, or had such notice thereof as was by such court or magistrate deemed and adjudged sufficient, no further notice in regard to the committal of children to such institution shall be necessary, and such commitment shall in all respects be sufficient to authorize such institution to receive and retain such child in its custody, as therein directed.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Elbridge T. Gerry,* for appellant. *Ambrose H. Purdy,* for respondent.

DANIELS, J. It was charged in the complaints made that these relators, one of whom was then of the age of 13 years, and the other of the age of 15 years, were found by the person making the complaints in the company of reputed prostitutes, and frequenting their company in a reputed house of prostitution; and in the commitments made by the justice these facts are stated to have been proved to his satisfaction, which sufficiently satisfied so much of the law as made the proceedings dependent on those facts. But the facts themselves were denied in affidavits made by the parents of the children by way of answer to the returns, and it was to those denials that the demurrers were interposed in part, and so far, at least, the demurrers were well taken; for the court was not at liberty in this collateral proceeding to try so much of the charges as had been found by the justice to have been proven on the hearing had before him. As much as that was held to be the law in *People* v. *Protectory,* 106 N. Y. 604, 13 N. E. Rep. 435. But to warrant the commitment of the relators to the custody of the asylum, it has been further required to state, "and it shall appear therefrom, that the parent, guardian, or custodian, of such child was present at the examination before such court or magistrate, or had such notice thereof as was by such court or magistrate deemed and adjudged sufficient." Pen. Code, § 291, subd. 5. And this language has been so construed as to require the father of the person charged to be present or notified, when that person has a father who can be notified. *People* v. *Protectory, supra.* In the case of Annie Brown the commitment states notice to, and the presence of, Ann Eliza Brown, who is the mother of these children. It contains no statement that the father was present, or had been in any form notified of the proceeding. In that respect it was radically defective, and did not authorize the detention of the relator Annie Brown. But as to the relator Delina Brown the commitment states the presence of, and notice to, Henry and Eliza Brown, who are the father and mother of this relator. In that, as well as other respects, the commitment issued to place

her in the custody of the asylum was sufficient, and complied with the law, and by subdivision 5, § 291, Pen. Code, it was "in all respects sufficient to authorize such institution to receive and retain such child in its custody, as therein directed." But even this language will not permit the proceeding to be sustained where there may be no proof whatever before the magistrate to sustain the charge, or no appearance by, or notice to, the parent, or, where there may be no parent, to the guardian or custodian of the child. These are jurisdictional facts, and their absence may be brought in question by an appropriate issue raised for that object upon the return to a writ of *habeas corpus;* for it is a fundamental rule of the law that the want of jurisdiction may always be shown to impeach or avoid legal proceedings. *Bank* v. *Judson,* 8 N. Y. 254; *Ferguson* v. *Crawford,* 70 N. Y. 253; *Craig* v. *Town of Andes,* 93 N. Y. 405. The justice has not been vested with arbitrary authority over these proceedings. But some evidence tending to sustain the charge must be produced, which he should carefully hear, and, when there is no appearance by the parent, he should be assured by proof that the notice mentioned in the statute has been given to the parent, or, if there be none, to the guardian or custodian of the child; and, if he should disregard either of them, then, by a proper issue framed·upon and in answer to the return, proof can be taken establishing his want of jurisdiction to issue the commitment. A mere affidavit of the absence of proof or notice is not what the practice requires, but it is the framing of an issue under which legal evidence of the want of jurisdictional facts would be pertinent, and the production of evidence establishing the fact or facts alleged, and on its trial or hearing the recitals in the commitment would, in the first instance, be presumptive proof of the facts recited. But in this case no such issue was tendered or framed. But, as the cases were presented to the court, so much of the order as discharged Delina Brown from the asylum was not authorized, and it should be reversed, and she should be restored to the custody of the asylum; but so far as it directed the discharge of Annie Brown, it is sustained by the defect in the commitment, and should be affirmed. All concur.