(19 Misc. Rep. 561.)

PEOPLE ex rel. JAMES v. NEW YORK SOC. FOR PREVENTION OF CRUELTY TO CHILDREN.

(Supreme Court, Special Term, New York County. February, 1897.)

1. INFANTS—IMPROPER EXPOSURE—COMMITMENT.
   A commitment of a child, on the ground that it "has been improperly exposed * * * by its parents or other persons having it in charge (Pen. Code, § 291, subd. 2), must recite the exposure by one of the persons named in the statute.

2. SAME—WANT OF PROPER GUARDIANSHIP.
   A want of proper guardianship of a female child 10 years old is shown by proof that the mother was dead, whereabouts of the father unknown, that the child was found living with one C., a perfect stranger to her, and that she slept in the same bed with said C.

3. SAME—ARREST WITHOUT WARRANT.
   An arrest without a warrant may be made under Pen. Code, § 293, providing that a constable or police officer or any agent or officer of an incorporated society for the prevention of cruelty to children "may arrest and bring before a court or magistrate having jurisdiction, any person offending against any of the provisions of this chapter."

Application by Charles C. James for a writ of habeas corpus against the New York Society for the Prevention of Cruelty to Children. Relator demurs to the return. Overruled.

Alexander Y. Scott and M. R. Levison, for relator.
De Lancey Nicoll, for respondent.

PRYOR, J. Upon return to a writ of habeas corpus prosecuted by a father to recover possession of his infant daughter, the Society for the Prevention of Cruelty to Children, respondent, shows a commitment by a magistrate as the justification for the detention of the child. In compliance with a writ of certiorari, the magis-

trate exhibits proof of the "material allegations" of the complaint, which he incorporates with his return, and which is as follows:

"One Josephine E. James (now here), a female child actually and apparently under the age of sixteen years, to wit, of the age of ten years, was found by defendant improperly exposed, and without any proper guardianship, for the following reason, to wit: The mother of said child being dead, and the whereabouts of the father unknown. The said child, when found, was found living with one Ernest P. Clark, a perfect stranger to said child; said child having admitted to deponent that she, the said child, slept in the same bed with the said Ernest P. Clark, in violation of the Penal Code of the state of New York."

If no offense appear in the commitment, it is void on its face, and the child is unlawfully restrained of her liberty. In re Forbes, 19 How. Prac. 457. An offense attempted to be imputed by the complaint is that the child "has been improperly exposed  *  *  .* by its parents or other persons having it in charge." Pen. Code, § 291, subd. 2. Obviously, an exposure by the parent or person in charge of the child is an essential element of the delictum, and this is not recited in the commitment. People v. New York Catholic Protectory, 19 Abb. N. C. 142, 148; Id., 106 N. Y. 604, 13 N. E. 435. Supposing, however, the defect in the commitment immaterial if repaired by the proof, still the return of the magistrate fails to furnish evidence of the indispensable fact that the child was exposed either by parent or the person in charge. The proof averred is only of the allegations in the complaint, and that imputes responsibility for the exposure neither to parent nor custodian. The mother was dead, and "the whereabouts of the father unknown." That the child was in the culpable situation through his instrumentality, or by his neglect, or with his privity, is not even suggested by the return. Clark undoubtedly is answerable for the exposure, but nothing shows that, in the sense of the statute, he had charge of the child. He was "a perfect stranger to said child." The charge contemplated by the law must mean a charge conferred by the parent, else a custody obtained without his knowledge or consent might result in the deprivation of his child. For aught apparent in the return, Clark abducted the child; and is a father to lose the right to his daughter because, without his fault, another may expose her to prostitution? Van Brunt, J., in People v. Catholic Protectory, 19 Abb. N. C. 142, 146. "The information in these cases of summary conviction ought to be precise, and show a case clearly within the statute. It is the foundation of the jurisdiction of the justice, and when it omits an essential ingredient or circumstance to bring the case under the statute, and the defect is not supplied by the evidence, the conviction is bad. It is not consistent with the proper security of personal liberty to indulge, in cases of summary convictions, in latitude or liberality of intendment to support the proceedings." People v. New York Catholic Protectory, 106 N. Y. 604, 609, 13 N. E. 435, 436. "These statutes, being in derogation of the common law, are to be strictly construed, and every step which the statute requires must be observed." People v. Baker (Super. Buff.) 3 N. Y. Supp. 536, 538.

By subdivision 2, section 291, of the Penal Code, "a child under

the age of· sixteen years, who is found not having any proper guardianship," may be committed by a magistrate. Here the commitment recites the charge of such want of proper guardianship, and adjudges it to be shown by satisfactory proof. As the evidence is not returned, I am not to say that the proof was insufficient, even were the question open to consideration. But, to authorize the respondent to detain the child, it must appear from the commitment that "the parent, guardian or custodian of such child was present at the examination before the magistrate, or had such notice thereof as the magistrate deemed and adjudged sufficient." Pen. Code, subd. 5, § 291. It is not pretended that the father was present at the examination, or had any notice of it, but the commitment recites that "Ernest P. Clark, the parent, guardian, and custodian of such child," was so present and had such notice. Clark was not the parent of the child, and it is apparent, both upon the complaint and the commitment, that he was not her guardian. The obvious intendment is that he was her "custodian," and, as there may have been evidence of the fact, it is not to be controverted upon this point in this proceeding. The commitment of the child, therefore, for being found without any proper guardianship, is valid upon its face, and, of course, unimpeachable by demurrer.

I am of opinion that, to authorize an arrest under section 293 of the Penal Code, a warrant was unnecessary; but, if otherwise, still the magistrate had jurisdiction of the person. People v. Webster, 75 Hun, 278, 26 N. Y. Supp. 1007.

The prisoner may not be discharged. And yet the relator's right to his child is not to be forfeited by a mistake in pleading, but, in common justice, he should be allowed to withdraw his demurrer and challenge the return by a traverse or allegation of matter in avoidance. Ordered accordingly.