KELSEY v. CARROLL, AS SHERIFF.
(No. 770.)

INFANTS — CUSTODY — COMMITMENT TO A REFORM OR INDUSTRIAL SCHOOL—JURISDICTION—HABEAS CORPUS—COURTS—PRESUMPTION AS TO JURISDICTION.

1. Under the statute (Sec. 3128, Comp. Stat. 1910) declaring it lawful for the district court of any county to commit to a reform or industrial school "any child, being a legal resident of said county, and being between the ages of ten and sixteen years, who, upon complaint and due proof, is found to be a vagrant or so incorrigible and vicious that a due regard for the morals and welfare of such child manifestly requires that he or she shall be committed" &c., the jurisdiction of the district court is limited to cases where the child is a legal resident of the county in which the court is sitting.

2. It is proper and competent in such a proceeding for the district court to hear evidence respecting the legal residence of the child and to determine the jurisdictional fact, but the jurisdicition of the court cannot be presumed where an order of commitment fails to show a determination of the fact of the child's residence and age, since the proceeding is summary in character and is not one within the general jurisdiction of the court, or one conducted according to the course of the common law.

3. In such a proceeding the order of commitment should show the jurisdictional facts as to the age and the legal residence of the child; and where such facts necessary to show jurisdiction did not appear in the order of commitment, held, that the child was entitled to be discharged on habeas corpus from the custody of the sheriff.

4, The presumption as to jurisdiction in support of judgments of superior courts of general jurisdiction does not apply to a proceeding in the district court which is summary in character and not within the general jurisdiction of said court, nor conducted according to the course of the common law, but in such a case the jurisdiction must appear by the record.

[Decided Oct. 1, 1913.] (138 Pac. 867.)

ORIGINAL proceeding in habeas corpus.

The proceeding was brought for the discharge of Margaret Kelsey, a minor child, by a petition presented in her

name by W. H. Kelsey, her next friend, who was charged
to be unlawfully in the custody of Owen Carroll, the Sheriff
of the County of Platte. The material facts are stated in
the opinion.

*Ernest D. MacDougall,* for the plaintiff.

But one question seems to be seriously raised by the issues
herein, viz: whether the question of the petitioner's legal
residence may be raised in this proceeding for her discharge
by writ of habeas corpus. It is conceded that where a tri-
bunal is authorized to act upon a certain state of facts, and
also to determine whether the facts exist, then, if the facts
are properly alleged, and the parties are legally notified and
have an opportunity to contest them, the finding of the tri-
bunal upon those questions will be conclusive unless reversed
in a direct proceeding. (1 Bailey on Habeas Corpus 80).
In the proceeding resulting in the commitment of this peti-
tioner the court made no finding as to her legal residence,
and this court cannot infer or presume that the court did
hear and determine the jurisdictional facts. (People v.
Liscomb, 60 N. Y. 568). The order of commitment is no
protection to the defendant since it fails to show jurisric-
tion.

*C. A. Paige,* County and Prosecuting Attorney of Platte
County, and *C. L. Rigdon,* for defendant, cited, *Ex parte*
Edgington, 10 Nev. 215; People v. Liscomb, 60 N. Y. 568;
and In re McDonald, 4 Wyo. 150.

PER CURIAM.

The petition of Margaret Kelsey, by W. H. Kelsey, her
next friend, was presented to the Chief Justice of this Court
praying the issuance of a writ of habeas corpus to be
directed to the defendant as sheriff of the County of Platte,
said petition alleging that the said Margaret Kelsey is a
minor daughter of said W. H. Kelsey; that she resides with
her father and mother at the City of Casper, County of
Natrona, in this state; that she is restrained of her liberty
by said defendant; and that the pretense of said restraint is

an order of the District Court, sitting in and for the County of Platte, made and entered on the 26th day of September, 1913, under section 3128 of the Compiled Statutes, 1910, committing said Margaret Kelsey to the Home of the Good Shepherd Industrial School for Girls of Denver, Colorado. It is further alleged in the petition that the restraint of said petitioner is illegal in that neither the said District Court nor the district judge in Platte county had jurisdiction over the person of your petitioner or of the subject matter in the proceeding aforesaid for the reason that said petitioner was then and is now a legal resident of the County of Natrona, in this state, and is not and was not at the time of said proceeding a legal resident of the said County of Platte; that the petitioner and her parents had gone to Wheatland (the county seat of Platte county) from Casper, in said County of Natrona, to testify as witnesses in a certain case then, and until September 26, 1913, pending in the District Court of said Platte county. The Chief Justice ordered that the writ issue as prayed for, and be made returnable before the court.

The writ having been duly issued and served the defendant appeared before the court at the time fixed with the petitioner in his custody and filed an answer alleging that the petitioner was lawfully restrained of her liberty by virtue of an order of the judge of the District Court of the First Judicial District, sitting within and for the County of Platte, committing her to the Home of the Good Shepherd Industrial School for Girls of Denver, Colorado; that said District Judge and the District Court of said county had jurisdiction over the person of the plaintiff in said proceeding; and that said plaintiff was at the time thereof a legal resident of the County of Platte. A reply was filed alleging among other things that the commitment was not based upon any proper complaint. By reference to the order of commitment, which is attached to the answer and made a part thereof, it appears to have been made in a cause or proceeding then pending in the District Court, within and for the County of Platte, entitled, "The State

of Wyoming, Plaintiff, vs. Margaret Kelsey, Defendant."
Following the title of the cause it is recited in the order:
"Now on this 26th day of September, A. D. 1913, this mat-
ter came up for hearing upon petition of C. A. Paige, county
and prosecuting attorney, in which petitioner alleges that
said minor child, Margaret Kelsey, is under the age of six-
teen years, to-wit: fourteen years, and is a resident of said
county and state, and that said Margaret Kelsey is so in-
corrigible and vicious that a due regard for the morals and
welfare of said child manifestly requires that she be com-
mitted to a reform or industrial school." This is immediately
followed by a recital of other averments of the petition to
the effect that the parents of said child are not competent
and proper persons to properly care for and restrain her
from immoral influences, and that she has no suitable home,
and is surrounded by immoral influences. It is also recited
in the order that said Margaret Kelsey appeared in open
court in custody of the sheriff of Platte county; that her
parents, naming them, appeared in open court and that a
trial was had in said cause, and that evidence was intro-
duced by the state and also by the defendant and her par-
ents. After the recital of these facts it is stated in the
order as follows: "The court hearing the evidence of
both the state and the defendants, and being fully advised
that said minor child, Margaret Kelsey, was incorrigible and
vicious and that she was surrounded by immoral and vicious
influences; and that she did not have a suitable home and
that her parents were not the proper persons to take care
of said child and to restrain her from said vicious and
immoral influences; and whereas, a due regard for the
morals and welfare of said minor child requires that said
Margaret Kelsey be committed to a reform or industrial
school; It is, therefore, ordered, adjudged and decreed that
the said Margaret Kelsey be committed to the Home of
the Good Shepherd Industrial School for Girls of Denver,
Colorado, there to be educated, trained and there to remain
until said Margaret Kelsey has sufficiently improved and
reformed and has been recommended by the manager of

said institution to be discharged from said institution and to return to her parents or guardian; and that a copy of this order duly certified by the clerk of this court be warrant and authority for the transportation and confinement of the said minor child, Margaret Kelsey, as heretofore provided herein." Said order appears to be dated at Wheatland, the county seat of said county of Platte, September 26, 1913, and is signed by the District Judge.

Upon the hearing in this court evidence was offered and received on behalf of the plaintiff, subject to the objection of the defendant, to show that the legal residence of the plaintiff at the time of the proceeding which resulted in the order of commitment aforesaid was not in the County of Platte, but that she resided with her parents in the County of Natrona. That evidence was objected to on the ground that it was not competent on habeas corpus to enter into an investigation of the fact of petitioner's residence. If that evidence was competent, then in our opinion it established the fact that the plaintiff was not at the time of said proceeding and the order of commitment a legal resident of the County of Platte, but that with her parents she had removed from that county and acquired a legal residence in the County of Natrona on or about the 17th day of August of the present year.

The statute under which the plaintiff was proceeded against and committed provides that "It shall be lawful for, and in the discretion of, the District Court of any county to commit to" the house of refuge or reform or industrial school of any state where provision has been or shall be made, "any child, being a legal resident of said county, and being between the ages of ten and sixteen years, who, upon complaint and due proof, is found to be a vagrant or so incorrigible and vicious that a due regard for the morals and welfare of such child manifestly requires that he or she shall be committed to said house of refuge, or reform or industrial school." The statute also provides as to such a proceeding that it shall conform as nearly as practicable to the course of procedure provided for by law for the

trial of criminal cases in the District Court; but that the trial shall be before the court and not before a jury, and it is made the duty of the county and prosecuting attorney of the proper county to prepare and prosecute such cases in behalf of the state. (Comp. Stat. 1910, sec. 3128).

It appears that the proceeding aforesaid was instituted against the plaintiff by a petition filed by the county and prosecuting attorney of Platte county in said District Court on September 20th, 1913, in which it was alleged that said Margaret Kelsey is fourteen years of age; that she is a resident of said Platte county, and that she is a vagrant and so incorrigible and vicious that a due regard for the morals and welfare of such child manifestly requires that she be committed to a house of refuge or reform or industrial school; that the names of her father and mother are W. H. Kelsey, and Mrs. W. H. Kelsey, and that they are residents of said County of Platte, and are not competent and proper persons to properly care for said child and to restrain her from immoral and vicious influences, and that said minor child has no suitable home and is surrounded by vicious, corrupt and immoral influences. The petition was verified by the county and prosecuting attorney upon information and belief.

Unquestionably, we think, the jurisdiction of the District Court under section 3128 is limited to cases where the child is a legal resident of the county in which the court is sitting. Unquestionably, also, it is proper and competent for the District Court in such a proceeding to hear evidence respecting the place of the legal residence of the child and to determine the jurisdictional fact, and it may be conceded that if the case was one to be proceeded with under the general jurisdiction of the District Court and according to the course of the common law its jurisdiction would be presumed. But the proceeding in question is summary in character, is not one conducted according to the course of the common law, nor is it a proceeding within the general jurisdiction of the District Court. (People *ex rel.* Van Riper v. N. Y. C. Protectory, 106 N. Y. 604, 13 N. E. 435;

Matter of Knowack, 158 N. Y. 482, 53 N. E. 676, 44 L. R. A. 699). In such cases the presumption as to jurisdiction in support of judgments of superior courts of general jurisdiction does not apply. (11 Cyc. 692, 693; Brown on Jurisdiction, sec. 13). That the court had jurisdiction must, therefore, appear by the record. Now, the order made and entered in the proceeding committing this plaintiff to the reformatory school contains no finding that she is a legal resident of the County of Platte, or that she is between the ages of ten and sixteen years, nor any statement of such jurisdictional facts other than a recital of the allegations of the petition. While no question is here raised as to the fact that she is more than ten and less than sixteen years of age, we think that in every such order of commitment the jurisdictional fact as to the age as well as the residence should appear. It is true that the complaint upon which the hearing was had in the District Court alleges that this child is a legal resident of the County of Platte, but that complaint is verified only upon information and belief. It is also true that evidence was introduced in this court on this hearing to show that witnesses were examined in the District Court relative to the place of the child's residence. But where the committing order does not show the fact of such residence it is not to be presumed that the District Court determined the jurisdictional fact upon such hearing, it being necessary in such case that such fact should expressly appear of record. The fact not so appearing, and our conclusion upon the evidence here produced being that the plaintiff's legal residence at the time of the proceeding and commitment was not in the County of Platte, we must hold that the District Court was without jurisdiction in the premises, and the petitioner must be ordered discharged from custody.

Whether evidence would be admissible to contradict the fact of jurisdiction either as to the matter of legal residence or age where the order of commitment expressly shows a finding of such jurisdictional fact we do not now determine, nor whether if the evidence adduced upon the

habeas corpus hearing with reference to such facts showed that the court had jurisdiction the one in custody would be entitled to be discharged where the jurisdictional facts were not stated in the order. Our decision is confined to the particular facts in the present case.

Although the statute does not expressly provide what the commitment or the order committing the child shall contain we think clearly that in this kind of a proceeding under the statute in question, since the jurisdiction is limited, it is necessary for the order or commitment to show the case to be one within the jurisdiction of the court under the statute. We believe it to be true that a proceeding of this nature under statutes of some other states is confided to courts of inferior and limited jurisdiction. Prior to the amendment of the statute in this state the Probate Court, which was then a separate court and one of limited jurisdiction, was given the authority now conferred by the section upon the District Court. (Laws 1884, Ch. 53, sec. 2; Rev. Stat. 1887, sec. 2333; Laws 1888, Ch. 57, sec. 2). It appearing to the court, for the reasons aforesaid, that the petitioner is unlawfully restrained of her liberty, it will be ordered that she be discharged from custody.