(92 Misc. Rep. 622)

## PEOPLE v. BROWN.

(Court of General Sessions, New York County.  December 13, 1915.)

1. VAGRANCY ☞1—ELEMENTS OF OFFENSE—"KNOWINGLY RESIDES."

   To sustain a conviction of vagrancy by a violation of Tenement House Law (Consol. Laws, c. 61) § 150, as amended by Laws 1913, c. 598, making it an offense to knowingly reside in a house of prostitution in a tenement house, one of the elements to be proven is that defendant "knowingly resides"; that is, resides having knowledge that the house is a house of prostitution.

   [Ed. Note.—For other cases, see Vagrancy, Cent. Dig. § 1; Dec. Dig. ☞1.]

2. VAGRANCY ☞3—EVIDENCE—SUFFICIENCY—KNOWLEDGE.

   Knowledge that a house where one resides is a house of prostitution may be proven either by direct evidence or by circumstances from which knowledge may be inferred.

   [Ed. Note.—For other cases, see Vagrancy, Cent. Dig. § 3; Dec. Dig. ☞3.]

3. VAGRANCY ☞3—CRIMINAL PROSECUTION—EVIDENCE.

   In a prosecution for vagrancy, evidence held insufficient to show that defendant knew that the house in which she was residing was a house of prostitution.

   [Ed. Note.—For other cases, see Vagrancy, Cent. Dig. § 3; Dec. Dig. ☞3.]

4. CRIMINAL LAW ☞568—EVIDENCE—REQUISITES.

   The requirement of proof of each essential element of an offense applies to all cases, including summary convictions in a Magistrate's Court.

   [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 1271; Dec. Dig. ☞568.]

Ethel Brown was convicted of vagrancy, and appeals. Reversed, and new trial ordered.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Alexander Lange, of New York City, for appellant.

Charles Albert Perkins, Dist. Atty., of New York City, for the People.

WADHAMS, J. This is an appeal from a judgment finding the defendant guilty of a violation of article 8, section 150, chapter 99, of the Laws of 1909 (Consol. Laws, c. 61), as amended by chapter 598 of the Laws of 1913. The offense for which the defendant was placed on trial is defined as follows:

"Section 150. *Vagrancy.*—A person who: * * * 4. Knowingly resides in a house of prostitution, or assignation or ill-fame of any description in a tenement house. * * *"

[1] One of the elements to be proved to sustain a conviction is that the defendant "knowingly resides"; that is, resides having knowledge that the house is a house of prostitution. People v. Edna Meyer, 157 N. Y. Supp. 997, Rosalsky, J., Court of General Sessions, October, 1914.

[2] Knowledge may be proven either by direct evidence or by circumstances from which knowledge may be inferred. People v. Rankin, 92 Misc. Rep. 62, 155 N. Y. Supp. 86.

[3] In this case the evidence does not, in my opinion, establish knowledge on the part of the defendant that the house in which she resided was a house of prostitution. The only evidence is that of a police officer, who testified that he called with another man, by whom he was introduced to this defendant and another woman; that the other man then left; that he, the officer, had a conversation about the weather with the other woman, and then was solicited and taken by her into another room; that the other woman there offered to commit an act of prostitution, after which he placed the other woman under arrest. The officer further stated that this defendant was present at the time of the conversation before he went into the other room, but that he had no conversation with this defendant, and that this defendant took no part in his conversation with the other woman. After the arrest of the other woman, the defendant was asked by the officer whether she lived in the premises, and she said that she did, and had just paid the fourth month's rent, and she was thereupon placed under arrest.

This was all the evidence. There was no proof as to the reputation of the house, or that any act of prostitution had ever theretofore been undertaken by any one residing therein, or that the defendant had any knowledge of any prior similar occurrence in the house. There was no evidence that the other woman, who had solicited the officer, resided in the premises, or how long she had been in the house, or that the defendant had any prior acquaintance with her, or that the defendant knowingly resided in the premises after this occurrence, for she was immediately arrested by the officer.

[4] The proper security of personal liberty requires that each essential element of an offense be proven. The requisite applies to all cases including those of summary conviction in the Magistrate's Court.

As was pointed out by Judge Andrews in People v. N. Y. C. Protectory, 106 N. Y. 604, at page 609, 13 N. E. 435, at page 436:

"They are conducted contrary to the course of the common law, without the intervention of a jury, * * * and are often attended with the gravest consequences."

Judgment reversed, and a new trial ordered in the Magistrate's Court.