E. R. MERRIMAN, APPELLANT, *v.* JOSEPH S. MORGAN, RESPONDENT.

HABEAS CORPUS—QUESTIONS FOR DECISION, HOW PRESENTED.—In a case of habeas corpus against an officer having the petitioner in custody, the matters properly triable arise on the return of the officer and the traverse thereto:

IDEM—IRREGULARITIES NOT INQUIRED INTO.—In cases of habeas corpus the court will not inquire into any irregularities of the committing magistrate which do not appear in the process on which the prisoner is held, unless it be the question of the jurisdiction of the committing magistrate over the case.

IDEM—MALICIOUS PROSECUTION—MATTERS COMPLAINED OF MUST BE ENDED.—In a case for a malicious prosecution, the plaintiff must allege in his complaint that the prosecution complained of has been terminated in his favor or abandoned by the defendant.

APPEAL from Multnomah County. The facts are stated in the opinion.

*Dell & Reed,* for appellant:

I. The first proposition is that where an action for a malicious prosecution is brought, it must appear on the face of the complaint that there was a want of probable cause for the prosecution.

II. This must appear by its being shown that the prosecution has been disposed of, is terminated or at an end in favor of the plaintiff in the action for malicious prosecution.

III. At first the tendency was to hold that there must be a final decision on the merits as *res judicata* in favor of defendant in that action—an acquittal technically.

IV. Some courts endeavored to limit that proposition to a decision in the first instance and before appeal. (4 Wend. 291; 63 Pa. St.)

V. But the current of authority now is the other way, and is settled that no final verdict is necessary, but that anything that terminates that particular proceeding is all that is necessary. As on a warrant before a committing magistrate, if defendant be discharged after a hearing (2 Johns. 293; 37 Ind. 550), or for want of appearance of prosecutor (36 N. Y. 11), or for defective affidavit (6 Hill, 349), or if it is process under which he can no longer be arrested (6 Hill N. Y. 347), or when bound over after "no bill" returned by the grand jury (6 Hill, N. Y. 347), or after indictment found and quashed by the court (6 Hill, N. Y. 347; 30 Ind. 437), or in case of a civil action after a voluntary dismissal (19 Wend. 417), or dismissal for defect in the proceedings (16 How. Pr. 562), or after a reversal by supreme court of a judgment, which practically ends the case (64 Pa. St. 295), even though a final order remained to be made, or if the order of arrest had been vacated. (16 How. Pr. 262.)

VI. A final discharge, without bail, on habeas corpus, comes fully within the rule under the Oregon statutes.

The provisions of sections 623 and 624 of Oregon Civil Code settle the principle that a final discharge under a writ of habeas corpus from a magistrate's commitment is an end of that proceeding, and that a subsequent arrest for the same offense is a different cause or proceeding. Admission to bail would not be a "final discharge," but a judgment, as in this case, that the defendant go without a day is a final discharge, he not being in jail and not on bond.

So the "probable cause" is *res judicata* by habeas corpus decision anyhow, because prosecutor was allowed to introduce new evidence, section 614, and failing to do so, presumed none to be had. (6 Hill, N. Y. 347.) The question in this case was whether in a criminal case on mesne process after a voluntary escape, the officer could retake the prisoner on that warrant. If he could not, the warrant had lost its force and the prosecution was at an end. If he could retake him under it, then the warrant remained in full force, and the prosecution not ended. It was held he could retake him under it, and therefore the prosecution not ended within

the reason of the rules. The case in 43 Illinois is based on the idea that there must be a technical verdict of acquittal, which we have shown is not the law.

VII. But it is claimed that under section 411 Oregon Criminal Code this warrant has to be returned to the court, and that the grand jury have to act upon it before it becomes *functus officio*, even though defendant has been discharged from the warrant. But section 54 only requires the district attorney to prepare and submit to the grand jury an indictment where defendant is held to answer. Not only so, but that warrant has lost its force by habeas corpus judgment, annulling its order or commitment, and is no more than waste paper.

VIII. But plaintiff also sets up that the warrant was void, and without the jurisdiction of the justice, and had been so declared by the habeas corpus court. In case the warrant was void, this action lies, even though no termination is shown. (37 Ind. 550; 16 How. Pr. 262; 1 Abb. Forms, note j, 586.)

IX. Plaintiffs also allege that defendants were guilty of an abuse of legal process, and in that case no termination need be shown. (64 Pa. St. 286; 2 Greenl. Ev., sec. 452, citing 4 Bing, n. c. 212; 3 Scott, 561, S. C., 11 Pa. St. 81; 13 N. Y. 478; 47 Pa. St. 194; 5 Duer, N. Y. 304; 3 Iowa, 539; Wright (Ohio) 725; 50 Me. 308; 39 Barb. 56.)

X. Where allegation is that it was abandoned, demurrer does not lie. (36 N. Y. 11; 6 Hill, 347.)

*Dolph, Bronaugh, Dolph & Simon,* for respondent:

It is well settled law that no action will lie for an alleged malicious prosecution, until such prosecution is ended. (1 Hil. on Torts, 518, chap. 16, sec. 26, p. 451; 2 Greenl. Ev., secs. 452, 453; *Munns* v. *Dupont,* 1 Am. Leading Cases, 227, p. 277; 4 Cush. 217.)

Having held the defendant to answer before the grand jury upon a criminal charge, it is by law the duty of the committing magistrate to return his proceedings in the matter to the county clerk's office. (Crim. Code, p. 393, sec. 411.) And it is the duty of the district attorney to submit

an indictment to the grand jury, and cause the evidence in support thereof to be brought before them in such case. (Crim. Code, p. 347, sec. 54.) And it is the duty of that body to act upon the case, and either to find or ignore the indictment; and until they return "not a true bill," the proceeding has not ended. (Crim. Code, p. 348, sec. 64.)

The court below was judicially advised by law, and by its records, that no term of that court had intervened, and no grand jury had been in session between the alleged date of the arrest of the plaintiff upon said charge and the date of the filing of his complaint—July 23, 1878—and that, therefore, it was legally impossible that said proceeding could have been ended at the time of the commencement of this action, and this court will take judicial knowledge of the same fact, the terms of courts being established by law. (Civ. Code, p. 250, sec. 698, subd. 2.)

Moreover, as we have seen, the complaint must allege not only that the proceeding has ended, but how it terminated, in order to entitle the plaintiff to maintain his action. The only claim that this prosecution or proceeding was at an end, when this action was begun, is, that the plaintiff had been discharged by the judge of the court below upon habeas corpus. But while the plaintiff might thereby have been released from imprisonment, such discharge did not have the effect to terminate the proceeding against him. He could not be again arrested upon the same charge by a committing magistrate, but it was none the less the duty of the justice, who had held him to answer, to return his proceedings to the circuit court; and the grand jury was equally still bound by law to investigate the charge; and if an indictment should be found, the plaintiff might again be arrested upon the same charge, and as a continuation of the original arrest and proceeding. (Civ. Code, p. 238, sec. 624, subd. 1; 1 Hil. on Torts, 523, 454; *Bacon* v. *Townsend,* 6 Barb. 426; *Walker* v. *Martin,* 43 Ill. 508, in point.)

It appears from the allegations of the complaints in this action that the ruling of the judge, who discharged plaintiff upon habeas corpus, was itself erroneous, and therefore

could in no manner affect the proceeding instituted before the justice. (Hil. on Torts, 340, 359.)

It is stated in the complaint that the ground upon which plaintiff was discharged on habeas corpus was, because the information, filed with the magistrate to procure the plaintiff's arrest, did not state facts sufficient to constitute a crime. But it is likewise alleged that an examination of the charge was had before the magistrate, who, upon such hearing, held plaintiff to answer to the grand jury.

We submit that the only office of such information is to authorize the magistrate to issue his warrant for the arrest of the accused. It cannot be read in evidence against him after he is arrested, for he is entitled to confront the witnesses; and the information is *functus officio* whenever the examination commences. To hold, therefore, that no matter what the evidence may be, nor however clearly it may establish the guilt of the prisoner, upon such examination, nevertheless, after he has been, upon such hearing, committed to custody, he is entitled to be discharged if such information does not allege all the essential requisites of the specific offense, with the particularity required in an indictment, is, we insist, clearly erroneous.

We suppose that if a prisoner were arrested upon a warrant issued against him, based upon an information imperfectly charging him with the crime of burglary, and upon examination it should appear to the magistrate that he was not guilty of the crime charged, but was guilty of larceny, it would be none the less the duty of the officer to hold him to answer before the grand jury upon the latter charge. In such a case, the information might not at all refer to the real offense committed, yet can it be maintained that therefore the prisoner should be discharged on habeas corpus? His honor, the judge, who so discharged plaintiff, ruled that he had no authority to rehear or review the evidence given before the magistrate upon said examination, and in this view we think he was fully sustained by the law; and therefore we submit that this court will conclude that he refused to review said testimony. But, after so deciding, then to hold that the accused should be discharged from

the commitment, without regard to what the evidence may. have established against him, because of the technical insufficiency of the information in not correctly including all the facts necessary to be proved in order to his conviction, we thought at the time, and still think, was an equally erroneous and much more dangerous precedent than a rehearing of the evidence would have established.

By the Court, BOISE, J.:

It appears that the appellant was arrested, brought before the committing magistrate, and held to answer the charge at the next term of the circuit court. Before the next term of that court, the appellant in this action was discharged from custody on a writ of habeas corpus, issued by the judge of the circuit court.

In order to maintain this action, it was necessary for the appellant to allege that the proceeding against him of which he complained was finally terminated by his discharge or acquittal of the offense charged against him, on which he had been arrested. The appellant claims that his discharge on the proceedings under the habeas corpus is sufficient to enable him to maintain this action. The questions which come before the court on a writ of habeas corpus arise in a case like this on the sufficiency of the writ or process by which the officer holds the prisoner.

The return to the writ does not show the proceedings before the committing magistrate any further than they are recited in the mittimus, for the officer does not have the record of the magistrate, and the only proper questions before the court are as to its regularity and sufficiency to authorize the officer to hold the prisoner in custody. If sufficient, the prisoner must be remanded; if not sufficient, he must be discharged. For the court hearing the habeas corpus case will not inquire into the regularity of the proceedings before the committing magistrate, further than relates to the jurisdiction of the magistrate. If, in this case, the magistrate had authority by law to commit the appellant for obtaining goods under false pretenses, of which authority the circuit court must have taken judicial

knowledge, then it did not matter how irregular were the proceedings before the magistrate. They were not properly before the court in the trial of the case of habeas corpus. If the magistrate was satisfied that the crime was committed, it was his duty to commit the accused, notwithstanding irregularity in the proceedings before him. For the crime and its degree might be ascertained from the evidence. (Statute, p. 476, sec. 108; p. 392, sec. 401.) As the case was to be reported to the grand jury, where an indictment would be drawn in due form, technicality was not particularly essential in the magistrate's court.

The rule in New York, in cases of habeas corpus, is to confine the inquiry to the regularity of the process under which the officer holds the prisoner. In the *case of Prime,* 1 Barb. 349, Judge Mason says: "We can not inquire into the technicalities or the strict regularity of the proceedings. This writ is not intended to review the regularity of the proceedings in any case, but rather to restore to his liberty the citizen who is imprisoned without color of law." The most that the court could have done in this habeas corpus case was to examine the warrant of commitment and the proceedings of the magistrate, so far as to see if he had jurisdiction of the subject-matter on which he found judgment. In case these matters were all before the judge by the return, and the traverse thereto, the proceedings on the habeas corpus case in no way determined or finally ended these proceedings, for the magistrate was as much bound in obedience to section 411 of the statute, to return the proceedings before him to the circuit court, as though no writ of habeas corpus had been issued, and the case would go on before the grand jury unembarrassed by such proceeding.

It is claimed by the counsel for the appellant that section 618 authorizes the court, in the trial of cases of habeas corpus, to examine the merits of the case on which the prisoner is held. This section is the same as section 50 of the statutes of New York, and there it has been held, after much discussion and repeated adjudications, that the rule as stated above is correct, and shows how far courts can go

in trials in such cases.   *(People* v. *McLeod,* 3 Hill, 635; 1 Barb. 349; 18 Johns. 304.)

It is claimed in the allegation in the appellant's complaint that this process was abused by being used to compel the appellant to pay for the property, which it is alleged he obtained by false pretenses, and that in such a case it is not necessary to show that the prosecution is ended.   The authorities cited to support this view are very different from the case before us.   Here the appellant is charged with a criminal offense, which for aught that appears was still pending and undetermined.   The magistrate, after hearing the evidence, held him to answer.   This holding him to answer by the magistrate negatives the allegation in the complaint that he was falsely charged, and until there has been some discharge from that decision appellant can not sue the respondent for abuse of process.   If he had alleged that a warrant had been issued and he had been arrested to extort money from him, and no determination had been had against him, and that the respondent was pursuing him simply to extort money, it might be different; but the appellant has plead that one court has found that the prosecution was justifiable, and this finding must be disposed of in his favor or the prosecution be abandoned before he can sue, and it can not be said to be abandoned before the session of the court to which the proceedings before the magistrate are returnable, for the defendant can not stop those proceedings, and a hearing must be had before the grand jury, so that the respondent has no control over this prosecution, which *was still pending when this action was* brought.   We think that the allegation, therefore, in the appellant's complaint, that he was ordered to appear in the circuit court to answer this charge, shows that he has no cause of action for the abuse of process.

The judgment of the circuit court is affirmed, with costs and disbursements.