### Ex parte JOHN G. KITCHEN.

HABEAS CORPUS—WHEN PETITIONER SHOULD NOT BE DISCHARGED—DE-
FECTIVE INDICTMENT.—If an indictment be defective, but enough appears
to retain the accused in custody, he should not be discharged upon
*habeas corpus.*

APPLICATION for writ of *habeas corpus.*

The conspiracy charged against petitioner and others was

for conspiring, combining, and uniting together, to compel the mine-owners to pay a certain stipulated price per day to all laborers, and to prevent other persons from working for a less sum, and compelling others by threats and intimidation to quit work.

*P. Reddy*, for Petitioner:

By the Court, Leonard, J.:

The applicant and several other persons were indicted by the grand jury of Eureka County for the crime of conspiracy. A writ of *habeas corpus* has been applied for, to the end that applicant may be discharged from the custody of the sheriff.

It is urged that applicant's imprisonment is illegal, because the sixth judicial district court, in and for the county of Eureka, had no jurisdiction over the person of defendant, or the subject-matter set forth in the indictment against him, in that the facts set forth in said indictment do not constitute a public offense, nor does the said indictment charge the said defendant with the commission of any crime.

We express no opinion as to whether or not the indictment is defective in fact. We only say that if it is so, taking the most favorable view for applicant, enough appears to prevent his discharge should the writ issue. (Church on Hab. Cor. 246.)

Writ denied.