## RASH *v.* JENNE.
[S. C. 37 Pac. 538.]

DEED — DAMAGES FOR BREACH OF COVENANT.— The beneficiary in a covenant of warranty is entitled to recover as damages for a breach thereof the full consideration paid, with interest, regardless of any agreement or arrangement between the covenantor and his agent, and whether any of the money ever reached the principal or not.

APPEAL from Multnomah: E. D. SHATTUCK, Judge.

This is an action by Mrs. E. S. Rash against W. D.

Jenne, and Ida J. Jenne, his wife, to recover damages for the breach of a general covenant of warranty in a conveyance of real property, and arises upon the following facts, as appears from the pleadings and findings of the court: On January eighth, eighteen hundred and eighty-nine, the defendant being the owner of a tract of land near the City of Portland, containing eleven and forty-five hundredth acres, placed it in the hands of one G. M. Stearns, of the firm of Telfer, Stearns & Company, as his agent for the sale thereof, with the understanding that Stearns should sell the property, and pay or cause to be paid to the defendant three hundred dollars per acre for the same, and as compensation for his services he was to retain all he received therefor in excess of said amount per acre. In pursuance of this arrangement, and with a view to the sale and disposition of the land in lots and blocks to different purchasers, he, at his own expense and for his own convenience, caused the same to be surveyed, laid out, and platted as the townsite of Avalon, containing twelve blocks, lettered from A to L, inclusive, and on the twenty-third of January, eighteen hundred and eighty-nine, negotiated a sale of blocks A, F, G, H, I, J, K, and L, as so laid out, to Aumack, Averill, and McCallum for three thousand and ninety-seven dollars, and received a deposit of one hundred dollars on such contract, and on the same day negotiated a sale of blocks B and C to the plaintiff for twelve hundred dollars, their reasonable market value, received twenty dollars as part payment of the purchase price, and thereupon executed a receipt in the name of "Telfer, Stearns & Company, agents," acknowledging such payment, stating therein the terms of sale, and the time and amounts of the deferred payments, and delivered the same to her without disclosing his principal. Afterwards, and on the fourth day of February, eighteen hundred and eighty-nine, the defend-

ant and wife, at the request of and with "notice that
Stearns had secured purchasers for certain portions of
the land," although they "did not know who the purchas-
ers were, nor the portions bought by each, nor the amounts
to be paid by any of such persons," executed and acknowl-
edged the town plat of Avalon, as owners of the property,
and at the same time, at Stearns' request, and as part of
the same transaction, executed and delivered their deed
conveying the land in question, describing it by metes and
bounds, to the Portland Trust Company, "in trust to hold
and convey the legal title to such person or persons as
Stearns had sold or might sell portions thereof." Said
deed purports to be given for the consideration of one
dollar, and contains the covenant of warranty upon which
this action was brought. At the time of the execution
and delivery of the town plat and deed, defendant re-
ceived through the trust company the sum of three thou-
sand four hundred and fifty dollars, being the amount for
which Stearns was to account to him, of which sum Au-
mack, Averill, and McCallum furnished two thousand nine
hundred and ninety-seven dollars, and the balance due
on their purchase, and Stearns advanced the remainder.
After the receipt of the deed, and on the same day, the
trust company issued to Aumack, Averill, and McCallum a
certificate to the effect that it was holding blocks A, F, G,
H, I, J, K, and L for them, and also issued a certificate to
Stearns of like nature and effect for blocks B, C, D, and
E, and on the next day, at the request of Stearns, issued
a certificate to the plaintiff for blocks B and C, in recog-
nition of her said contract of purchase of January twenty-
third. Afterwards, and in accordance with the terms of
her contract, the plaintiff paid the remainder of the pur-
chase price of blocks B and C, and on the twenty-seventh
day of December, eighteen hundred and eighty-nine, re-
ceived a deed of conveyance therefor from the trust

company, "in fulfillment of its trust," but without a covenant of warranty. Being subsequently evicted, because of the failure of title, she brought this action against the defendant, on the covenant of warranty contained in his deed to the trust company, to recover the purchase price paid by her, and interest thereon. The court below found, as a conclusion of law, that plaintiff was entitled to recover only one sixth of the amount actually received by the defendant through the trust company, with legal interest thereon from the fourth day of February, eighteen hundred and eighty-nine, because the value of blocks B and C was about one sixth the value of the whole tract, and from the judgment given upon this finding she appeals to this court, claiming that she is entitled to recover the full amount paid by her for blocks B and C, together with interest thereon from the date of her purchase. REVERSED.

*Mr. James Finley Watson* (*Messrs. Edward B. Watson*, and *B. B. Beekman* on the brief), for Appellant.

*Mr. Geo. H. Williams* (*Messrs. Chas. E. S. Wood, Stewart B. Linthicum*, and *J. Couch Flanders* on the brief), for Respondent.

Opinion by MR. CHIEF JUSTICE BEAN.

The defendant does not deny his liability to the plaintiff on his covenant of warranty, but contends that the measure of damages is such a proportion of the purchase money received by him as the value of the property purchased bore to the value of the whole tract at the time of her purchase. This contention is based upon the theory that prior to the sale by Stearns to' the plaintiff he had purchased the property from the defendant, and, as a consequence, in making 'the sale was acting for himself, and not as agent of the defendant, and therefore the deed to the

trust company was made in trust for him, and not plaintiff. But this position is contrary to the findings of fact, as we understand them, as well as the answer, in which it is admitted that prior to the conveyance by the defendant to the trust company Stearns was his agent for the sale of the property, and that such agency did not cease until the conveyance was made. As the sale to plaintiff was prior to that time, and the deed to the trust company was made for the purpose, with the knowledge, and under the circumstances hereinbefore stated, it seems manifest, if we are to be bound by the findings of fact and pleadings, that the sale to the plaintiff was made by the defendant through his agent, and the deed to the trust company was in trust for her as a means of consummating the contract. It is true there is a finding that on January twenty-third, Stearns entered into a parol contract with the defendant to purchase blocks B, C, D, and E, and that he deposited with the defendant one hundred dollars as a part of the purchase price of said blocks, but it does not appear that this contract was ever completed or carried out. Indeed, the other findings completely negative such a conclusion. No such defense or claim is made in the answer, and on the date of this alleged contract, Stearns, as agent, sold two of the blocks to the plaintiff, and defendant did not know, at the time he made the deed to the trust company, to whom the land had been sold but made the deed for the benefit of persons to whom Stearns, as his agent, had sold the property. From the pleadings and findings of fact we are bound to conclude that the sale to plaintiff was made by Stearns as the agent of the defendant, and the conveyance to the trust company was adopted as a convenient method of transferring the title to her. This being so, the conclusion is inevitable that the covenant of warranty in such deed inured to the benefit of the plaintiff to the same extent as if the conveyance had been made directly

to her, and for the breach thereof the measure of damages is the consideration paid, with interest, although by an arrangement, of which plaintiff had no knowledge, between defendant and the agent who made the sale, a large portion of, or even all, the money was retained by the agent as compensation for making the sale of the property in question and other property. If the plaintiff bought the property of the defendant, either directly or through an agent, and his covenant of warranty was for her benefit, she is entitled to recover as damages for a breach thereof the consideration paid by her, and interest, whether any of the money reached the hands of the principal or not: *Bloom* v. *Wolfe,* 50 Iowa, 286. The judgment will therefore be reversed and the cause remanded with directions to enter judgment in favor of plaintiff on the findings of fact for the amount claimed.

REVERSED.