In re HERNANDEZ.

(First Division. Juneau. December 2, 1915.)

No. 1385–A.

1. CRIMINAL LAW ⬬⟹241—COMMITMENT—HABEAS CORPUS.

Defendant brought habeas corpus to test the legality of his commitment "for violation of section 187, chapter 13, of the Alaska Criminal Code," under which he was charged with the "crime of concealing a person wanted for the commission of a crime." *Held*, the latter clause, which is the charging part in the commitment, does not state any offense known to the law, but it is apparent that he is to be held to await trial "for violation of section 187, chapter 13, of the Alaska Criminal Code," which is sufficient to point out a charge. It is sufficient if the offense is described generally, or the section of the statute is pointed out, so that the detaining officer can see that he is commanded by a person having jurisdiction.

⬬⟹See same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

2. CRIMINAL LAW ☞211(1)—COMPLAINT—HABEAS CORPUS.

Habeas corpus was brought to test the sufficiency of the criminal complaint under which petitioner is held to trial. *Held*, that a complaint, from which it can be gathered what the offense charged is, is sufficient, unless the charge is of an offense unknown to the law, and unless the acts charged cannot under any circumstances be an offense under existing law.

3. HABEAS CORPUS ☞85(1)—EVIDENCE—BURDEN OF PROOF.

Habeas corpus being a civil suit, the burden is on the petitioner, as in every other civil suit, to establish his case. He must show that he is entitled to the relief sought.

4. HABEAS CORPUS ☞92(1)—BURDEN OF PROOF—JURISDICTION.

On habeas corpus the court can examine the evidence taken before the magistrate only sufficiently to discover whether there was any substantial ground for the exercise of judgment by the committing magistrate. It cannot go beyond that and weigh the evidence. It can say whether the complaint will admit of a construction charging a criminal offense, or whether the evidence rendered the charge against the prisoner within reasonable probabilities; that is all. If the examining magistrate acts without evidence, he exceeds his jurisdiction.

This is a hearing on a writ of habeas corpus.

By the answer filed, which may be taken as the return provided by statute, the cause or justification of the detention is declared to be the following:

(1) That the offense of being accessory to a felony was committed by petitioner, in violation of section 187, Alaska Criminal Code.

(2) That petitioner was regularly charged with that offense.

(3) That a preliminary hearing upon said charge was regularly had by said commissioner, upon a complaint duly made charging petitioner with a violation of said section.

(4) That petitioner was regularly bound over to await the action of the grand jury, and is held by virtue of a commitment issued by the commissioner.

To this return a replication has been filed, containing the following averments; that is to say: Petitioner denies that he has committed the crime mentioned; denies that he was regularly charged with violation of section 187; denies that a preliminary hearing on said charge was duly had on any complaint charging him with that offense; denies that he was reg-

ilarly committed on said charge; and alleges affirmatively that it appears from the record that the entire proceedings against him before the commissioner are absolutely void and of no effect.

There was also an issue made in the papers as to whether or not a grand jury had adjourned without indicting petitioner on that charge, but that issue was abandoned at the hearing.

At the hearing the complaint filed with the committing magistrate, and the warrant of arrest and commitment issued by him, and the transcript accompanying said papers and filed in this court, were treated as having been annexed to the return, were produced in court, discussed, and are to be taken as being in the case and as constituting the record on which the petitioner is held.

James A. Smiser, U. S. Dist. Atty., of Juneau.

Cheney & Ziegler, of Juneau, for defendants.

JENNINGS, District Judge. Section 187, Alaska Criminal Code, is section 2068, Compiled Laws Alaska 1913.

It is first objected that the commitment does not state a crime.

The commitment is headed:

"United States Commissioner's Court for the District of Alaska, First Division, Precinct of Wrangell. United States of America v. Antonio Hernandez. Violation of Section 187, Chapter 13, of the Alaska Criminal Code"

—and is signed by Wm. G. Thomas, United States commissioner and ex officio justice of the peace, residing at Wrangell. It recites this:

"An order having this day been made by me that Antonio Hernandez, failing to file the required bond of five hundred dollars, be committed for trial in a criminal action for the crime of concealing a person wanted for the commission of a crime, you are hereby commanded to receive him into your custody and retain him accordingly, or until he be otherwise legally discharged."

It is obvious that the words "concealing a person wanted for the commission of a crime" do not state any offense known to the law, and if that were all there is to the case there would be little difficulty in holding the petitioner entitled to his liberty. But, while those words do not of themselves import any

offense, yet it is perfectly apparent from the commitment that Antonio Hernandez is to be held to await trial for violation of section 187, Alaska Criminal Code. I am not aware of any provision of law which requires a commitment for trial or a commitment after trial to state the offense in the technical language required in an indictment. Indeed, no commitment that I ever saw has done that. An indictment for the simplest of crimes—larceny, for instance—has got to lay the venue, has got to lay the time, has got to describe the goods, name the owner, allege value, and in addition must state that the defendant stole, took, and carried them away, or words to that effect, and it has to do that in the charging part of the indictment (for the caption, the enumeration of the section of the statute violated, etc., are no part of the indictment); but such things do not have to be alleged in the commitment. It is sufficient if the offense is described generally, or the section of the statute is pointed to, so that the detaining officer can see that he is commanded by a person having jurisdiction.

"The general rule is that it is sufficient, in a commitment for trial, to state with reasonable clearness the nature of the offense with which the person is charged, and conclusions of fact in general language, justifying his detention on such charge; that a statement of the specific facts in detail, on which the charge is based, is unnecessary. A multitude of authorities to that effect might be cited, commencing with the older books and coming down to date. In Collins v. Brackett, 34 Minn. 339, 25 N. W. 708, the offense charged was one created by statute. The particular section was not referred to, nor were the facts essential to the offense stated in detail; but there was sufficient in the commitment to clearly indicate the kind of offense for which the accused was held to answer, and sufficient to indicate by reasonable inference the statute creating the offense. The court said that it satisfied the rule of convenient certainty by which such instruments are to be tested; that it pointed by reasonable inference to the statute creating the offense, and therefore, by reasonable inference, stated everything necessary to the offense which was not specifically set out. It is not necessary, said the court, in such an instrument, to set forth the facts constituting the offense particularly. It is impossible to construe the commitment as referring to any other than the statutory offense. While it does not set forth every ingredient in such offense, it contains specifications enough to indicate the general nature of the crime charged, and that is sufficient. In State v. Everett, Dud. [S. C.] 295, a case often referred to by courts and text-writers, the commitment under consideration merely described the offense as the crime of larceny, no fact being stated essential to that offense; yet it was held, on habeas corpus,

that the commitment was sufficiently certain to justify the officer in detaining the prisoner, that it is a great mistake to suppose that such a warrant need enumerate any fact or circumstance accompanying the offense, the nature of which is set forth therein, that it is sufficient to merely state the offense with convenient certainty, that it should not be for felony generally, but that the instrument should indicate the special nature of the felony. That decision is in harmony with the authorities generally, though directly contrary to Ex parte Branigan, 19 Cal. 133, which supports counsel's views, as we have before indicated." State ex rel. Durner v. Huegin, 110 Wis. 228, 85 N. W. 1054, 62 L. R. A. 733.

"It is sufficient if the offense is charged with convenient or reasonable certainty." 12 Cyc. pp. 314, 315, and cases cited in note 81.

This commitment is signed by a committing magistrate and purports to be for trial for a violation of section 187, Alaska Criminal Code. It is therefore sufficient.

"The commitment [being sufficient] was a complete defense to the habeas corpus suit till overturned by some defect of a jurisdictional nature in the proceedings upon which it is based." 110 Wis. 231, 85 N. W. 1055, 62 L. R. A. 734.

"The presumption is therefore in favor of the legality of such imprisonment, and the burden of impeaching its legality is on the petitioner." In re Howe, 26 Or. page 186, 37 Pac. 538.

What defect of a jurisdictional nature is relied upon?

It is not claimed that the committing magistrate acted beyond his jurisdiction by binding petitioner over without evidence. If there were such an allegation as that, it might be incumbent on the court, under section 1419, to examine the question as to whether or not there was any evidence. The petitioner complains, not that no evidence was produced against him, but that no sufficient complaint had been filed against him.

In determining the question of the sufficiency of the complaint, we must ask the question: Sufficiency for what? In this case the answer must be: Sufficiency to confer jurisdiction on a committing magistrate to commit for trial before a court of competent jurisdiction; not that degree of sufficiency which is necessary in order to justify a punishment by a court competent to try. There is a vast difference, inhering in the very nature of preliminary examinations.

"A proceeding before an examining magistrate is not a judicial trial. It is a mere judicial inquiry, as before indicated, for the purpose of determining whether an offense has been committed, and

there is a probability that the accused is guilty thereof, and should be placed on trial therefor. No plea or issue is necessary. No jury is demandable or proper. The doctrine of res adjudicata does not apply, so that the result of one inquiry will preclude another." 110 Wis. 239, 85 N. W. 1058, 62 L. R. A. 737.

To ascertain whether or not there was any jurisdiction to make this mere preliminary inquiry, we must go straight to the Code, for, as before stated, the proceeding is statutory and special.

Section 2382, Compiled Laws Alaska 1913, provides:

"That when complaint is made to a magistrate of the commission of a crime he must examine the informant on oath, and reduce his statement to writing and cause the same to be subscribed by him, and also take the depositions of any witnesses that the informant may produce in support thereof."

When a complaint is made to a magistrate. Who are magistrates?

"Sec. 2380. That a magistrate is an officer having power to issue a warrant for the arrest of a person charged with the commission of a crime.

"Sec. 2381. That the following persons are magistrates: First, the judge of the district court; second, the commissioners authorized by act of Congress to exercise the powers and duties of justices of the peace."

Thomas being an appointee of this court, judicial knowledge will be taken of the fact that he is a magistrate, and that he had power to hear all complaints, to examine the informant under oath, and to reduce his statement to writing.

If from that statement the magistrate is satisfied that the crime complained of has been committed, and that there is probable cause to believe that the person charged has committed it, he shall issue his warrant of arrest. There is no requirement that such complaints shall be made with the technical accuracy of indictments. The statute is very particular about indictments, very solicitous that before a person shall be tried and punished for the offense he shall be apprised of the exact nature of the charge against him, time, place, and circumstances, so that he may properly prepare for his defense, and so that he may not be tried again for the same offense; and the law will not permit him to be tried until that is done, and so the law has stated with great particularity the requisites of indictments, but no such req-

uisites are prescribed for preliminary complaints—no req-uisites at all are prescribed. The warrant of arrest is to issue if the magistrate be satisfied that the crime complained of has been committed, and that there is probable cause to believe that the person charged has committed it. This is so because a preliminary examination is not a trial, but is a mere inquiry; and an inquiry which is to be had if the mag-istrate is satisfied by the complaint. If it can be gathered from the complaint that a crime has been committed, is the magistrate to say:

"I will not issue a warrant, I will not even reduce the complaint to writing, I will not inquire into this matter at all, until you, the complainant, state to me in plain and concise language, without repe-tition and with precision as to time, place, value, and all circum-stance sufficient to hold the man charged when the indictment, if there should be an indictment, is tested in a court of competent jurisdiction."

If so, then no persons are competent to make complaints except lawyers, and not even all of them.

Of course, the complaint made to the magistrate must be sufficient for him to gather from the whole that some offense known to the law has been committed, or he would have no jurisdiction to proceed. But the offense need not be known by any specific name. If all that is said or known is that A. struck B., the magistrate could not possibly be satisfied that a crime had been committed, because there is no offense known to the law as the striking of B.; but if it be said that A. struck B. in violation of section 1898 of the Compiled Laws of Alaska, it would be equivalent to saying that A. assaulted B. with intent to commit rape or robbery, because the refer-ence to the section violated necessarily incorporates into the statement all the essential allegations of section 1898. If such a complaint is made to a committing magistrate, there can be no doubt of his jurisdiction to inquire into the matter.

Now, if on that inquiry it appears by evidence that on a certain date A. did maliciously beat B. over the head with a hammer with intent to kill him, is A. to be discharged on habeas corpus because the complaint which set this inquiry on foot did not descend into the particulars of time, place, weapon used, and intent, all of which were brought out by the evidence? It will not be so contended when the true na-

ture of a proceeding by way of habeas corpus is considered. This great proceeding, handed down to us from Magna Charta, and which is one of the prides of the English-speaking peoples, is nothing more nor less than a civil suit in which the relief sought is liberty. So dear to our ancestors and to ourselves was and is liberty that a special proceeding is provided for by which it may be secured. Such suits are summary in their nature and have the right of way; but it must not be forgotten that the proceeding is a suit for liberty, and not a shield for criminality.

Says Chief Justice Waite in Ex parte Tom Tong, 108 U. S. 556, 2 Sup. Ct. 871, 27 L. Ed. 826:

"The writ of habeas corpus is the remedy which the law gives for the enforcement of the civil right of personal liberty. Resort to it sometimes becomes necessary, because of what is done to enforce laws for the punishment of crimes; but the judicial proceeding under it is not to inquire into the criminal act which is complained of, but into the right to liberty notwithstanding the act. Proceedings to enforce civil rights are civil proceedings, and proceedings for the punishment of crimes are criminal proceedings. In the present case the petitioner is held under criminal process. The prosecution against him is a criminal prosecution, but the writ of habeas corpus which he has obtained is not a proceeding in that prosecution. On the contrary, it is a new suit, brought by him to enforce a civil right, which he claims, as against those who are holding him in custody under the criminal process."

There is no presumption that a person bound over by a committing magistrate and in jail is entitled to his liberty. True, there is a prima facie presumption that every defendant is innocent of the crime with which he is charged, and the presumption avails him on the trial; but there is no presumption that there was not probable cause to believe him guilty. On the contrary, the presumption would be the other way, if he had been bound over by a committing magistrate. Being a civil suit, the burden is on the petitioner, as in every other civil suit, to establish his case. He must show that he is entitled to the relief sought. How can he be said to have shown this, if the evidence adduced before a committing magistrate is sufficient in law to satisfy, and does satisfy, that committing magistrate that a crime has been committed and that he is the probable culprit? The proceedings before the committing magistrate consist, not alone in the complaint, but also in the evidence which is brought forward; and when

the proceedings show, as they do in the case at bar that the petitioner was regularly bound over—i. e., bound over on evidence—when the magistrate's record shows that he was bound over on evidence, when there is not a showing, not a statement, not a suggestion to the contrary in all this proceeding, how can this court draw any other conclusion than that there was evidence competent and sufficient to bind him over.

Says the Oregon Supreme Court in Merriman v. Morgan, 7 Or. 74:

"If the magistrate was satisfied that the crime was committed, it was his duty to commit the accused, notwithstanding irregularity in the proceedings before him. For the crime and its degree might be ascertained from the evidence."

Counsel for petitioner has cited Ex parte Dubuque, 1 Alaska, 16, as an authority for the contention that the complaint must state a crime. In that case the petitioner was discharged because there was not in the complaint an allegation of any intent to steal. But the statement of facts does not show that any evidence at all was taken. The opinion states that:

"No minutes or notes of evidence given at the preliminary examination * * * accompany the papers in the case, and the court, in inquiring into this matter, is confined wholly to the contents of the information, of the warrant, of the transcript, and of the commitment accompanying the return of the marshal."

What the court would have done, had it appeared from the transcript that evidence had been taken, is a matter of conjecture. Besides, the case does not seem to have been well considered. It occurred nearly 30 years ago, at a time when few law books were available in Alaska, and extended research could not be made. Not an authority is cited, and the reasoning is far from convincing.

Counsel also cites In re Corryell, 22 Cal. 178; but the whole gist of that decision is that the complaint must not state an offense unknown to the law. The concurring opinion of Norton, J., is:

"I agree that the process by which the defendant is held does not show that he has committed any offense known to the law at the time of the commission of the offense as charged, and that he should

be discharged from custody. I may hereafter write an opinion more
fully expressing my views in this case."

And speaking of that case Judge Wellborn says, in Re
Hacker (D. C.) 73 Fed. 465:

"In the California case, for instance, it will be seen, by an exam-
ination of the opinion, that the indictment was defective, not merely
from omission to state an essential constituent of the offense, but
because the matters charged against the defendant were themselves
of such a nature that it was not possible for any additional allega-
tion to so help the indictment as that a crime would be charged;
and perhaps this suggestion indicates one of the rules separating
those cases of commitments under defective indictment, where the
defendant should be discharged, from those cases where he should be
remanded. The rule thus indicated is this: Where the offense
sought to be charged in the indictment is not and cannot be so charg-
ed as to constitute an offense, the accused may, under certain circum-
stances, hereinafter noted, be discharged on habeas corpus; but
where the matters are of such a character that the indictment, al-
though defective for lack of a statement of an essential ingredient of
the offense, may be perfected into a sufficient accusation of crime,
there the defendant should be held to abide the judgment or order
of the court on the indictment. That this rule, or something kindred
thereto, was in the mind of the judge who delivered the opinion in
the California case, above cited, is fairly inferable from the follow-
ing paragraph in his opinion:

" 'The counsel for the petitioner contends that no offense punish-
able by law is charged in the indictment, and that, consequently, the
order of commitment under which he is held is illegal and void. It
is objected, on the other side, that the present is not a proper pro-
ceeding for the determination of that question, that the commitment
emanated from a court of competent jurisdiction, and that its ac-
tion in the premises is not subject to review on habeas corpus. Con-
siderations of great importance are involved in this objection, and,
although we are compelled to overrule it, as applied to a case of il-
legal imprisonment, we find it extremely difficult to lay down a rule
under which abuses may not be practiced, and the business of the
courts improperly interfered with. The vice of the objection is that
it assumes that the court had jurisdiction, whereas, the fact of ju-
risdiction is the very fact which the petitioner disputes, alleging
that the offense charged is not one known to the law.' [In re Cor-
ryell], 22 Cal. 181."

The opinion of Judge Wellborn goes on to say:

"Assuming that the indictment is defective in the particular stated,
and this is the most favorable view for applicant, does it follow
therefrom that a writ of habeas corpus should now be awarded to
inquire into the cause of his detention, in advance of a hearing upon

demurrer, or other determination in the regular course of criminal procedure? This question, it seems to me, cannot be otherwise answered than in the negative. I am aware that there are adjudicated cases and expressions in text-books which would seem to indicate that, where an essential ingredient of an offense sought to be charged is omitted from the indictment, the writ of habeas corpus is a proper remedy for relief against the imprisonment, even before a trial upon the merits or hearing upon demurrer. * * *

"The rule above stated is expressly approved by the Supreme Court of the state of Nevada. Ex parte Kitchen [19 Nev. 178] 18 Pac. 886. The syllabus of the case is as follows: 'A prisoner in custody under a defective indictment should not be discharged upon habeas corpus, if enough appears from the whole record to show that he should be detained.'

"The opinion is brief, and as follows: 'The applicant and several other persons were indicted by the grand jury of Eureka county for the crime of conspiracy. A writ of habeas corpus has been applied for, to the end that applicant may be discharged from the custody of the sheriff. ' It is urged that applicant's imprisonment is illegal, because the Sixth judicial court in and for the county of Eureka had no jurisdiction over the person of the defendant or the subject-matter set forth in the indictment against him, in that the facts set forth in said indictment do not constitute a public offense, nor does the said indictment charge the said defendant with the commission of any crime. We express no opinion as to whether or not the indictment is defective in fact.. We only say that, if it is so, taking the most favorable view for applicant, enough appears to prevent his discharge, should the writ issue. Church, Hab. Corp. § 246. Writ denied.'

"To the same effect, but with greater elaboration, is the statement in Church, Hab. Corp. § 246:

" '246. *Defective Indictment.* Where the court renders such a judgment on the record as the law demands, and on taking the whole record together, in investigating a proceeding on habeas corpus, and where a defective indictment is the point in controversy, is satisfied that enough appears, although the indictment is clearly defective, and so much so that a demurrer to it would be sustained, to retain the accused in custody until another term of court, it will not discharge the prisoner. A defect in an indictment for an assault with intent to commit murder, consisting in leaving out the name of the person assaulted, and without any averment that the person's name was "to the grand jury unknown," is not a sufficient ground upon which to discharge an accused party on habeas corpus in vacation; and it is doubtful whether it would be insufficient in term time. The next court where the indictment is found, after the hearing, can either discharge the party or permit the defective indictment to be nol. pros'd, and order another one to be preferred, or the first indictment may be amended by consent of the accused.'

"The same rule, substantially, though in different language, has been enunciated by the Supreme Court of Mississippi, in Emanuel v.

State, 36 Misc. 627. The second paragraph of the syllabus is as follows:

" 'A prisoner will not be entitled to a discharge if it appear, upon the return of the writ of habeas corpus, that an indictment has been preferred against him which has been adjudged sufficient by the court in which it is pending; nor, where there has been no judgment affirming the validity of the indictment, will be discharged on account of its insufficiency, unless the evidence on which it was found be adduced, and it appear therefrom that he should not be held in custody in the matter.'

"In the case reported in 22 Cal. 178, above referred to, while the evidence against the defendant was not adduced, still the statement in the indictment showed, beyond question, that, if adduced, the facts could not, in any possible aspect of the case, constitute a crime. The syllabus of a case decided by the Supreme Court of Florida states the rule thus:

" 'Habeas corpus does not lie to correct any irregularity of procedure where there is jurisdiction. This writ is not the proper remedy for relief against defective indictments for acts which are offenses under criminal laws, although it may be a remedy where an indictment charges as a criminal offense an act which was not made so by the laws obtaining at the time the act was done. It cannot be used as a substitute for a demurrer, a motion to quash, a writ of error, or an appeal, or certiorari.' Ex parte Prince [27 Fla. 196] 9 South. 659 [26 Am. St. Rep. 67].

"The rule deducible from the foregoing authorities, in connection with the case hereinafter cited, seems to me to be this: Where a prisoner is held to answer an indictment, he will not be discharged on habeas corpus, for insufficiency of the indictment, unless it affirmatively appears that the facts of the case cannot, under any possible statement of them, constitute a crime, and, further, that there are special circumstances requiring earlier judicial action than can be had, by demurrer or otherwise, through the ordinary course of procedure in defending against the indictment."

The court does not doubt that this is the law. If it were not so, every committing magistrate would have to be highly trained in the technicalities of criminal law. It would not suffice that the evidence shows that a crime has been committed and that there is probable cause to believe the petitioner guilty. The complaint, which in reality merely performs the function of setting on foot an inquiry, would have to be sufficient to charge a crime with the particularity of an indictment. Such a holding would result in emptying the jails of nearly all persons committed for trial.

The court cannot doubt that a complaint, from which it can be gathered what the offense charged is, is sufficient, unless

the charge is of an offense unknown to the law, and unless the acts charged cannot under any circumstances be an offense under the existing law.

Now, in this case, it does not appear what statement was made by word of mouth to the commissioner. It does appear, however, that the reduction to writing of that statement resulted in the swearing to, and filing with the committing magistrate, of a complaint purporting on its face to be a complaint for the violation of section 187, chapter 13, of the Alaska Criminal Code, further accusing Antonio Hernandez of "concealing a man who is wanted for the commission of crime and for whose body a warrant of arrest has been issued." It is true the general language does not say that the crime for which the man Caska was wanted is a felony, but it says by inference that it was such a crime as is mentioned in section 187, and it does not say in specific language that Caska has committed a felony, but it says that he is wanted for the commission of a crime. Reading this in connection with section 187, enough surely appears to start into action— not a trial, it is true; not a punishment—but an inquiry.

The committing magistrate, then, had jurisdiction to start the inquiry. When, then, did he exceed his jurisdiction? Having jurisdiction, mere errors and irregularities would not void his jurisdiction. Such certainly cannot be inquired into on habeas corpus.

If he proceeded without having jurisdiction of the person, he would have exceeded his jurisdiction; but the record shows that he got jurisdiction of the person by having him arrested on warrant and brought before him.

If he bound the petitioner over without evidence, it would be an excess of jurisdiction; but he is not charged with having done that, and besides the record affirmatively shows that evidence was produced. Where, then, did he exceed his jurisdiction? Counsel contends that the judgment does not state a crime; but this is not judgment in the legal sense of the term. None is required. The magistrate is required to make a written order as follows:

"It appearing to me from the testimony produced before me on the examination that the crime of (designating it generally) has been committed and that there is sufficient cause to believe A. B. guilty thereof, I order him to be held to answer the same."

5 A.R.—28

The statute says "designating it generally." Section 2430. If in this order the crime be too generally designated, or designated by inapt words that would be an irregularity only. It would not be jurisdictional. It would not go to the power of the examining officer to make the order. Then the examining magistrate is to make out a commitment, which is simply .another order, directing the marshal to detain, not necessarily imprison, the person until he is legally discharged. Section 2432. And that the marshal is then to detain the defendant by such means as may be necessary and proper (not necessarily put him in jail).

To commit a man for trial is not to punish him—not even to find him guilty. The person is committed to jail, in default of bail, simply because that is the only way to secure his attendance at the trial. If every man had a sufficiently high sense of obligation to obey the laws because they were laws, there would be no necessity of committing a man to custody to await a determination as to whether or not he had in fact violated those laws.

It seems to me that much of the doubt as to whether habeas corpus will or will not lie in any given case of commitment by a magistrate would vanish if an accurate understanding is had of the legal meaning .and import of three legal expressions, to wit: Jurisdiction; preliminary examination; habeas corpus.

Remembering that jurisdiction means the power, the right, the function of saying—that is, of determining one way or the other, either rightly or wrongly, including "determining rightly," but not excluding "determining wrongly"; remembering that a preliminary examination is not a trial, not a proceeding to determine guilt or innocence, but a mere inquiry to determine whether or not the magistrate to whom the power is given by law is satisfied there is probable cause to believe; remembering that habeas corpus is simply a civil suit for the recovery of liberty, that when liberty is the relief sought it cannot be recovered, except by showing an unlawful deprivation of it, just as nothing else can be recovered in a lawsuit, except by showing that the plaintiff is entitled to the relief sought, and that in habeas corpus, as in all other suits, the burden in the whole case is with the plaintiff—I say, remembering all these things, it ought not to be difficult to de-

termine whether or not in any given case there has been any unlawful detention.

And so in this case, it not having been shown that the committing magistrate was without jurisdiction in the first place, nor that, having jurisdiction, he exceeded that jurisdiction, this court cannot declare that the detention is illegal; in other words, the court cannot say that the petitioner has sustained the burden of proof which the law casts upon the plaintiff in an action.

Counsel for petitioner asks that, in case the court does not sustain the writ and discharge the petitioner, it look into the evidence and determine whether or not there is sufficient cause to hold the petitioner for trial. Section 1419, Compiled Laws Alaska 1913, provides as follows:

"The plaintiff in the proceeding, on the return of the writ, may, by replication, verified as in an action, controvert any of the material facts set forth in the return, or he may allege therein any fact to show, either that his imprisonment or restraint is unlawful, or that he is entitled to his discharge; and thereupon the court or judge shall proceed in a summary way to hear such evidence as may be produced in support of the imprisonment or restraint, or against the same, and to dispose of the party as the law and justice of the case may require."

This statute received a somewhat cursory examination in Merriman v. Morgan, 7 Or. 75, and it was there held that the upper court would not go beyond an inquiry as to jurisdiction on the papers; but it is intimated in later Oregon decisions that the court may go further. This matter underwent quite an exhaustive examination in the case of State ex rel. Durner v. Huegin, supra [110 Wis. 189, 85 N. W. 1046, 62 L. R. A. 700], a Wisconsin case decided in 1901, where the court says:

"While it is true that such writ never takes the place of a writ of error, and is confined to jurisdictional defects, when it is resorted to merely for the purpose of liberating a person detained in custody to await his trial on a charge of being guilty of a criminal offense, the questions of whether there was any evidence for the magistrate to act upon and whether the complaint charges any offense known to the law are jurisdictional matters. The reviewing court, in the exercise of its function, must necessarily pass upon and reverse or affirm the decision of the committing magistrate, if such matters are properly presented for its consideration, according to its determination thereof, and in doing so it does not go beyond jurisdictional defects. It can examine the evidence only sufficiently to

discover whether there was any substantial ground for the exercise of judgment by the committing magistrate. It cannot go beyond that and weigh the evidence. It can say whether the complaint will admit of a construction charging a criminal offense, or whether the evidence rendered the charge against the prisoner within reasonable probabilities. That is all. When it has discovered that there was competent evidence for the judicial mind of the examining magistrate to act upon in determining the existence of the essential facts, it has reached the limit of its jurisdiction on that point. If the examining magistrate acts without evidence, he exceeds his jurisdiction; but any act, upon evidence worthy of consideration in any aspect, is as well within his jurisdiction when he decides wrong as when he decides right."

And on page 239 of 110 Wis., on page 1058 of 85 N. W., on page 737 of 62 L. R. A.:

"Being statutory and special, evidence tending to establish the facts justifying a commitment, or holding to bail for trial, is jurisdictional, the same as any other statutory essential. The statute awarding the privilege provides that the examining magistrate shall act, in determining the facts, upon evidence; and that contemplates that there must be evidence, and competent evidence, tending to establish the facts. It is jurisdictional in the same sense that the production of some competent evidence before a quasi judicial body, authorized by statute to act only upon evidence, is jurisdictional. The rule in such cases is that a clear violation of law in doing those things that are within the scope of the power of the officer or body to do is jurisdictional error. State ex rel. Moreland v. Whitford, 54 Wis. 150, 11 N. W. 424; State ex rel. Wood County v. Dodge County. 56 Wis. 79, 13 N. W. 680; State ex rel. Heller v. Lawler, 103 Wis. 460, 79 N. W. 777. For further authorities to support the views here expressed, see Church, Habeas Corpus, §§ 237–247; People v. Martin, 1 Park. Cr. R. [N. Y.] 187; Re Snell, 31 Minn. 110, 16 N. W. 692; In re Hardigan, 57 Vt. 100; Re Simon, 13 N. Y. Supp. 399;[1] State v. Hayden, 35 Minn. 283, 28 N. W. 659; People ex rel. Van Riper v. New York Catholic Protectory, 106 N. Y. 604, 13 N. E. 435; Ex parte Becker, 86 Cal. 402, 25 Pac. 9; Ex parte Willoughby, 14 Nev. 451; Jones v. Darnall, 103 Ind. 569, 2 N. E. 229 [53 Am. Rep. 545]."

And on page 240 of 110 Wis., on page 1059 of 85 N. W., on page 737 of 62 L. R. A.:

"Independently of the common-law rule it has been repeatedly held, in states having statutes similar to ours, that they contemplate the examination of the proceedings before the committing magistrate, where properly brought to the attention of the court on habeas corpus

---

[1] Reported in full in the New York Supplement; reported as a memorandum decision without opinion in 59 Hun, 624.

proceedings, so far as necessary to determine whether the magistrate acted upon competent evidence tending to establish the facts, and also the introduction of new evidence on issue joined as provided. People ex rel. Van Riper v. New York Catholic Protectory, 106 N. Y. 604, 13 N. E. 435; People v. Richardson, 18 How. Prac. [N. Y.] 92; Re Henry, 13 Misc. Rep. 734, 35 N. Y. Supp. 210; People v. Tompkins, 1 Park. Cr. R. [N. Y.] 224."

If there was no evidence sufficient to hold this man, he ought to be discharged. This court will take notice that under its rules and practice there will be no grand jury to indict him until some time next spring, and to hold him in custody for that long, if in reality there was no cause to bind him over, would be to do a great injustice. It seems, therefore, that the court ought to examine into the matter as to whether or not there was evidence.

The difficulty in this case is that it is nowhere alleged that there was no evidence. The magistrate's transcript says that the magistrate heard evidence. The magistrate is not required to preserve or transmit the evidence, although he must note the name, residence, and occupation of each witness. Section 2424. The court would like to hear from the district attorney on that proposition; but I may say now that it seems that petitioner ought to be allowed to amend his petition by adding thereto a statement that there was no evidence, if that be a fact—that statement to be considered denied. On the issue thus formed, a prima facie showing that there was no evidence could be made by petitioner. The government would then rebut that by showing, if it can, what, if any, evidence was introduced at the preliminary hearing. This court can then decide whether petitioner ought to be discharged or held.

The course indicated is not to be considered as a precedent. It is to be adopted, if adopted at all, in this case mainly on account of the great length of time which must elapse before the convening of the next grand jury at Ketchikan.